SMITH, Chief Judge.
Appellant, James Douglas Perkins, appeals his conviction and sentence on three criminal offenses. We affirm the convictions, but reverse and remand for resen-tencing on the battery conviction.
The appellant was found guilty of attempted aggravated battery, aggravated assault by threat, and battery. The trial court withheld adjudication on all counts, and sentenced the appellant on each offense to two years community control to be followed by two years probation. As conditions of community control and probation, appellant was ordered to serve nine months in county jail, perform one hundred and fifty hours of community service, pay $975 in court costs, and have no contact with the victim. The state concedes that this sentence exceeds the statutory maximum sentence allowed for the offense of battery. The state also concedes that the appellant was not afforded notice nor the opportunity to be heard on the trial court’s assessment of costs as required by Mays v. State, 519 So.2d 618 (Fla.1988).
The appellant also alleges that the jury instructions given by the trial court were erroneous for failure to properly instruct on self-defense, failure to properly instruct on the elements of battery, and refusal of appellant’s request for an instruction on the defense of voluntary intoxication. However, our reading of the instructions as a whole fails to reveal reversible error. Although the trial judge failed to specifically refer to the defense of self-defense in giving the instruction on battery, that defense was mentioned twice previously, and the jury could not have been misled by this omission. Further, no *561 error in the self-defense instruction was preserved for appellate review by appropriate objection and request for a different instruction. As to voluntary intoxication, the trial court properly denied the requested instruction. See, Broxson v. State, 505 So.2d 1361 (Fla. 1st DCA 1987).
Accordingly, the judgments of conviction are affirmed, the appellant’s sentence on the battery conviction is vacated, and this cause is remanded for resentencing on the offense of battery.
WENTWORTH and WIGGINTON, JJ., concur.