547 So.2d 710 (1989)
Albert WILLIAMS, a/K/a Malik Sharife, Appellant,
v.
STATE of Florida, Appellee.
No. 88-00715.
District Court of Appeal of Florida, Second District.
August 11, 1989.
Albert Williams a/k/a Malik Sharife, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Albert Williams appeals a judgment adjudicating him guilty of sale of cocaine and possession of cocaine and the resulting sentences. We affirm the conviction for the sale but vacate the conviction for possession.
Williams argues that his conviction for sale of cocaine must be vacated *711 because the information listed that offense as a third-degree felony instead of a second-degree felony. Williams failed to raise this error until this appeal. Any defect in an information is waived if an objection is not made timely as long as the information does not wholly fail to state a crime. Tracey v. State, 130 So.2d 605 (Fla. 1961); Shanklin v. State, 369 So.2d 620 (Fla. 2d DCA 1979). This defect, therefore, was waived. Although the heading of the information does state that the crime is a third-degree felony, the body of the information makes clear that Williams was charged with possession of cocaine and further cites to section 893.03(2)(a)4, which lists cocaine as a schedule two controlled substance. This information in the body of the charging instrument sufficiently advised Williams that he was charged with a second-degree felony. Thus, there was no fundamental error because this error in the information did not violate Williams's due process rights or double jeopardy protections. Accordingly, Williams's conviction for sale of cocaine will not be vacated.
Next Williams challenges his convictions for both sale and possession of cocaine on double jeopardy grounds. The testimony was that the confidential informant purchased two rocks of cocaine from Williams and that Williams had these rocks in his robe pocket. There was no testimony that Williams retained or possessed any other cocaine. Because Williams's conduct dealt with a single act, his convictions for sale of cocaine and possession of the same cocaine violated his double jeopardy protection. See Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), approved, State v. Smith, 547 So.2d 613 (Fla. 1989). Although section 775.021(4), Florida Statutes (Supp. 1988)[1] would change this result, we note that this statute may be applied only to offenses committed after June 30, 1988, see Smith, 547 So.2d at 615-617, and that Williams committed these crimes on May 14, 1987. Accordingly, Williams's conviction for possession of cocaine, the lesser crime, must be set aside. See State v. Barton, 523 So.2d 152 (Fla. 1988).[2]
We affirm the conviction for sale of cocaine and vacate the conviction for possession of cocaine. We remand to the trial court to enter the appropriate amended judgment and recalculate the sentence without the possession offense being scored.
Affirmed in part; vacated in part; remanded with directions.
FRANK, A.C.J., and HALL, J., concur.
NOTES
[1] This statute provides in pertinent part:

(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4)(a), (b), Fla. Stat. (Supp. 1988).
[2] Williams also raised a third point on appeal in which he argued that the state failed to prove venue. We find this issue to be without merit and decline to discuss it.