632 So.2d 1094 (1994)
Andre MESA, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-2167.
District Court of Appeal of Florida, Third District.
March 1, 1994.
*1095 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., and Keith S. Kromash, Certified Legal Intern, for appellee.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
HUBBART, Judge.
This is an appeal by the defendant Andre Mesa from a final judgment of conviction and sentence for attempted second-degree murder with a firearm [§§ 782.04(2), 777.04(4)(d), 775.087, Fla. Stat. (1991)] entered upon an adverse jury verdict. The sole point presented on appeal is that the trial court erred (1) in treating the defendant's conviction as an enhanced first-degree felony under Section 775.087(1)(b), Florida Statutes (1991), when sentencing the defendant to life imprisonment as a habitual felony offender [§ 775.084(4)(a)(1), Fla. Stat. (1991)], and (2) in sentencing the defendant to a mandatory minimum term of three-years imprisonment under Section 775.087(2)(a), Florida Statutes (1991), because the information upon which the defendant was charged and convicted did not allege that the defendant possessed a firearm. Although possession of a firearm is an essential element of the crime charged under the above statutes, we conclude that (1) the defendant waived this defect in the information by failing to file a motion to dismiss the information based on such omission, and (2) the above judgment of conviction and sentence was otherwise properly *1096 entered, notwithstanding this defect, because the information references Section 775.087, Florida Statutes (1991) as one of the statutes the defendant was charged with violating.

I
The defendant Andre Mesa was charged in a three-count information with three felonies; because the jury acquitted the defendant on the first count[1] and the trial court vacated the defendant's conviction by the jury on the second count,[2] only the third count is relevant on this appeal. The third count of the information charged that the defendant:
"did unlawfully and feloniously attempt to commit a felony, to wit: MURDER IN THE SECOND DEGREE, upon a white Latin Male known as JOSE BATISTA, and in furtherance thereof, the defendant ANDRE MESA, with felonious intent and from a premeditated design to effect the death of a white Latin male known as JOSE BATISTA, did attempt to kill a white Latin Male known as JOSE BATISTA, a human being, and in such attempt did shoot NICHOLAS HARTA SANCHEZ, a human being, in violation of 782.04(1), 777.04 and 775.087 Fla. Stats... ."
(emphasis added).
The defendant entered a plea of not guilty to all three counts in the information and at no time filed a motion to dismiss any of these counts. The case was tried by a jury where the state's evidence at trial tended to show that the defendant, without justification or excuse, fired several shots with a firearm directly at Jose Batista, the intended victim, who was standing in a small crowd of people on S.W. 8th Street in Miami, Florida, and hit Nicolas Harta Sanchez, a bystander in the crowd. The defendant was arrested shortly thereafter; Sanchez recovered from his gunshot wounds and testified against the defendant at trial; and the firearm used by the defendant in the shooting was discovered and introduced in evidence.
The jury found the defendant guilty as charged on count III of the information and specifically found that the defendant used a firearm in committing this offense;[3] the defendant did not object at trial to the use of the special jury verdict form or to the recording of the verdict upon the jury's return. The trial court treated the defendant's conviction as an enhanced first-degree felony [§ 775.087(1)(b), Fla. Stat. (1991)], and sentenced the defendant upon this conviction to life imprisonment as a habitual felony offender [§ 775.084(4)(a)(1), Fla. Stat. (1991)]; the defendant was also given a three-year mandatory minimum sentence. § 775.087(2)(a), Fla. Stat. (1991). The defendant appeals.

II
It is well settled in this state that "`before a trial court may enhance a defendant's sentence [under § 775.087(1), Fla. Stat. (1991)] or apply the mandatory minimum sentence for use of a firearm [under § 775.087(2)(a), Fla. Stat. (1991)], the jury must make a finding that the defendant committed the crime while using a firearm either [1] by finding him [or her] guilty of a crime which involves a firearm or [2] by answering a specific question of a special verdict form so indicating.'" State v. Overfelt, 457 So.2d 1385, 1387 (Fla. 1984) (quoting with approval from Overfelt v. State, 434 So.2d 945, 948 (Fla. 4th DCA 1983)). Because (1) possession of a firearm or weapon is absolutely necessary in order to enhance a defendant's sentence under Section 775.087(1), Florida Statutes (1991),[4] and (2) possession of a firearm *1097 or destructive device is absolutely necessary in order to invoke the three-year mandatory minimum sentence under Section 775.087(2)(a), Florida Statutes (1991),[5] it has long been held that such prohibited possession is an essential element of the crime charged and therefore must be alleged in the indictment or information in order to charge a crime under the above statutes.[6] Moreover, the jury must either (1) find the defendant guilty as charged in such an indictment or information, or (2) find by special verdict that the defendant was in possession of the prohibited firearm or weapon, when, for example, the defendant is convicted of a proper lesser offense which does not otherwise involve possession of a firearm  in order to invoke the instant statutes. Overfelt.

A
In the instant case, the defendant contends that because the information in count III fails to expressly allege that the defendant used a "firearm" in the commission of the attempted second-degree murder, but only alleges that the defendant "did shoot" at the intended victim in an attempt to murder the said victim, the information did not properly allege the essential element of possession of a firearm in order to invoke Section 775.087(1)(b), (2)(a), Florida Statutes (1991). We agree that the information in count III was defective in this respect and was therefore subject to dismissal upon proper defense motion; although the allegation "did shoot" in this count strongly implies use of a firearm, it does not expressly so state as required by law. The defendant, however, failed to file a motion to dismiss this count below and, in fact, pled not guilty to the entire information. The law is clear that "[e]xcept for objections based on fundamental grounds, every ground for a motion to dismiss [an indictment or information] that is not presented by a motion to dismiss [an indictment or information] within the time hereinabove provided for shall be taken to have been waived." Fla.R.Crim.P. 3.190(c) (emphasis added). The question then becomes whether the information in count III is so fundamentally defective that it wholly fails to state the crime of attempted second-degree with a firearm  so that a judgment of conviction and sentence thereon cannot stand, even though no motion to dismiss was filed in the case.
It is well settled that "the failure to include an essential element of a crime does not necessarily render an indictment [or information] so defective that it will not support a judgment of conviction [and sentence] when the indictment [or information] references a specific section of the criminal code which sufficiently details all the elements of the offense." DuBoise v. State, 520 So.2d 260, 265 (Fla. 1988). Indeed, it has been held that a conviction and sentence on an indictment or information which fails to allege one of the essential elements of the crime charged may not be set aside on a post-trial motion for arrest of judgment, Fla.R.Crim.P. 3.610, where the charging document references the specific section of the criminal code which the defendant is charged with violating; the failure to file a pretrial motion to dismiss such an indictment or information for not alleging an essential element of the crime *1098 charged constitutes a waiver of such a defect under these circumstances. DuBoise; State v. Cadieu, 353 So.2d 150 (Fla. 1st DCA 1977).

B
Because count III of the information in the instant case references Section 775.087, Florida Statutes (1991) as one of the statutes the defendant was charged with violating, we conclude that the judgment of conviction and sentence was properly entered below upon the jury's conviction on this count, even though the information failed to allege possession of a firearm as an essential element under the above statute. The failure of the defendant to file a pretrial motion to dismiss the information for not alleging this essential element constitutes a waiver of such defect in this case.
We have not overlooked a line of Florida cases which have consistently set aside a judgment of conviction imposed under Section 775.087(1), Florida Statutes (1991), as an enhanced felony, or a three-year mandatory minimum sentence imposed under Section 775.087(2)(a), Florida Statutes (1991), where the indictment or information failed to allege possession of a firearm as an essential element of the charged crime. See cases collected supra note 6. In these cases, however, the indictment or information also failed to reference Section 775.087, Florida Statutes (1991) as a statute which the defendant was charged with violating, and, as a consequence, the indictment or information wholly failed to state a crime under the statute and no judgment of conviction or sentence could be imposed under said statute. Because the information in the instant case referenced Section 775.087, Florida Statutes (1991) as one of the statutes the defendant was charged with violating, these cases do not control our decision today. Moreover, it is undisputed that the jury expressly found the defendant guilty of possessing a firearm based on substantial competent evidence adduced below, so that all the requirements for invoking Section 775.087 were met in this case. Overfelt.
For the above-stated reasons, we conclude that a judgment of conviction for attempted second-degree murder with a firearm [§§ 782.04(2), 777.04(4)(d), 775.087, Fla. Stat. (1991)] as an enhanced first-degree felony [§ 775.087(1)(b), Fla. Stat. (1991)] was properly entered in this case  and that the defendant was properly sentenced to life imprisonment as a habitual felony offender [§ 775.084(4)(a)(1), Fla. Stat. (1991)], with a three-year mandatory minimum sentence of three-years imprisonment [§ 775.087(2)(a), Fla. Stat. (1991)].
Affirmed.
NOTES
[1] The first count of the information charged the defendant with attempted first-degree murder with a firearm upon one Jose Batista.
[2] The second count of the information charged the defendant with unlawful display of a firearm while committing a felony, to wit: attempted first-degree murder.
[3] The jury also found the defendant not guilty on count I of the information and guilty on count II of the information; the trial court subsequently vacated the defendant's conviction on count II of the information.
[4] Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
(c) In the case of a felony of the third degree, to a felony of the second degree."
§ 775.087(1), Fla. Stat. (1991).
[5] "(2)(a) Any person who is convicted of:

1. Any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes; or
2, Any battery upon a law enforcement officer or firefighter while the officer or firefighter is engaged in the lawful performance of his duties and who had in his possession a `firearm,' as defined in s. 790.001(6), or `destructive device,' as defined in s. 790.001(4), shall be sentenced to a minimum term of imprisonment of 3 calendar years."
§ 775.087(2)(a), Fla. Stat. (1991).
[6] See, e.g., Gibbs v. State, 623 So.2d 551 (Fla. 4th DCA), rev. denied, 630 So.2d 1099 (Fla. 1993) (No. 82,577); Spencer v. State, 588 So.2d 71 (Fla. 3d DCA 1991); Cerrato v. State, 576 So.2d 351 (Fla. 3d DCA 1991), Helmick v. State, 569 So.2d 869 (Fla. 2d DCA 1990); Cox v. State, 530 So.2d 464 (Fla. 5th DCA 1988).