766 So.2d 243 (2000)
David FULCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-4388.
District Court of Appeal of Florida, Fourth District.
February 2, 2000.
*244 Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of attempted burglary of a dwelling and raises an issue not raised in the trial court, which is that the information was defective because it did not allege that appellant had the intent to commit an offense in the dwelling. Appellant argues that this is fundamental error which can be raised for the first time on appeal and the state agrees, conceding that the conviction should be reversed. We affirm.
The elements of burglary are: (1) entering or remaining in, (2) a structure or conveyance, (3) with the intent to commit an offense therein. State v. Waters, 436 So.2d 66 (Fla.1983). The information in this case failed to allege element (3), and the state has conceded error because of language contained in State v. Gray, 435 So.2d 816, 818 (Fla.1983):
[A] conviction on a charge not made by the indictment or information is a denial of due process of law. Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); De Jonge v. Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278 (1937). If the charging instrument completely fails to charge a crime, therefore, a conviction thereon violates due process. Where an indictment or information wholly omits to allege one or more of the essential elements of the crime, it fails to charge a crime under the laws of the state. Since a conviction cannot rest upon such an indictment or information, the complete failure of an accusatory instrument to charge a crime is a defect that can be raised at any timebefore trial, after trial, on appeal, or by habeas corpus.
Although the information in the present case did not include an element of burglary, the information did state that the appellant violated sections 810.02(1) and (3) of our burglary statute and section 777.04(1) which criminalizes attempts to commit offenses. That is significant. In DuBoise v. State, 520 So.2d 260 (Fla.1988), the defendant, after trial, in a motion for arrest of judgment pursuant to Florida Rule of Criminal Procedure 3.610, raised for the first time the failure of the indictment for sexual battery to include an essential element of the offense, physical force. After observing that rule 3.610 provides that a motion for arrest of judgment shall not be granted unless the indictment is so defective that it will not support a conviction, our supreme court stated:
The reason for this provision is to discourage defendants from waiting until after a trial is over before contesting deficiencies in charging documents which could have easily been corrected if they had been pointed out before trial. See Sinclair v. State, 46 So.2d 453 (Fla. 1950); State v. Cadieu, 353 So.2d 150 (Fla. 1st DCA 1977). Hence a charging document which is subject to pre-trial dismissal can nevertheless withstand a post-trial motion for arrest of judgment.
For example, the failure to include an essential element of a crime does not necessarily render an indictment so defective that it will not support a judgment of conviction when the indictment references a specific section of the criminal code which sufficiently details all the *245 elements of the offense. McClamrock v. State, 374 So.2d 1076 (Fla. 2d DCA 1979). In this case the indictment specifically referenced section 794.011(3), Florida Statutes. By referencing section 794.011(3), which specifically defines all the elements of the offense, the indictment placed DuBoise on adequate notice of the crime being charged. Cotton v. State, 395 So.2d 1287 (Fla. 1st DCA 1981). Indeed the trial judge in this case specifically found that DuBoise was not misled or embarrassed in the preparation of his defense. See Fla. R.Crim.P. 3.140(o). We therefore find that the trial court erred in granting the motion to arrest the judgment.
Id. at 264-65. See also Mesa v. State, 632 So.2d 1094 (Fla. 3d DCA 1994); Hope v. State, 588 So.2d 255 (Fla. 5th DCA 1991). Because the information in this case referenced the appropriate sections of our criminal code, the information was sufficient.
Appellant also argues that the trial court erred in not fully instructing the jury on all of the elements of burglary of a dwelling in connection with this charge. Appellant's trial, however, involved two counts, Count I charging burglary of a dwelling, and Count II, charging attempted burglary of a different dwelling. The jury was properly instructed on the elements of burglary in regard to Count I, and appellant has given us no reason why the jury had to be instructed on all of those elements all over again in regard to Count II. Perkins v. State, 528 So.2d 560 (Fla. 1st DCA 1988)(no error in not instructing jury on self-defense separately for each criminal charge, where self-defense instruction was given on some charges); State v. Rolle, 560 So.2d 1154 (Fla.1990)(issues involving jury instructions are considered in the context of the entire charge).
In addition, appellant's counsel prepared the instructions and agreed to them. Weber v. State, 602 So.2d 1316 (Fla. 5th DCA 1992)(defendant could not seek reversal on ground instruction should not have been given, where defendant requested the instruction).
Affirmed.
FARMER and TAYLOR, JJ., concur.