832 So.2d 946 (2002)
Gerald McMILLAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-462.
District Court of Appeal of Florida, Fifth District.
December 27, 2002.
*947 James B. Gibson, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
McMillan appeals his convictions for armed robbery with a firearm and resisting an officer without violence. He argues that the trial court erred in (1) allowing the state to reopen its case, (2) instructing the jury on armed robbery with a firearm when that offense was not charged, (3) violating separation of powers by charging McMillan with an offense not charged in the information, and (4) violating McMillan's due process rights by convicting him of an offense not charged in the information. We affirm.
All of McMillan's arguments are founded upon his assertion that he was charged with armed robbery with a weapon rather than armed robbery with a firearm. McMillan was charged by information as follows:[1]

COUNT ONE

CHARGE: ARMED ROBBERY WITH A WEAPON, in violation of F.S. 812.13(1) & (2)(b)

SPECIFICATIONS OF CHARGE: In that GERALD CHRISTOPHER MCMILLAN ... did then and there unlawfully by force, violence, assault or putting in fear take away from the person or custody of K. PATEL certain property of value, to wit: CURRENCY, the property of THRIFT LODGE HOTEL, with the intent to deprive K. PATEL and/or THRIFT LODGE MOTEL of their rights to said property or a benefit therefrom and, in the course of committing said robbery, carried a weapon, to wit: A FIREARM.
The state correctly notes that McMillan failed to challenge the information prior to trial as required by Florida Rule of Criminal Procedure 3.190. "Where a defendant waits until after the State rests its case to challenge the propriety of an indictment, the defendant is required *948 to show not that the indictment is technically defective but that it is so fundamentally defective that it cannot support a judgment of conviction." Ford v. State, 802 So.2d 1121, 1130 (Fla.2001). This rule is designed to discourage defendants from waiting until after a trial is over before contesting deficiencies in charging documents which could have easily been corrected if they had been pointed out before trial. Id. Where the charging document is merely imperfect or imprecise, the failure to challenge it by motion to dismiss waives defect. State v. Wimberly, 459 So.2d 456 (Fla. 5th DCA 1984). On the other hand, where an information totally omits an essential element of the crime or is so vague, indistinct or indefinite that he is misled or exposed to double jeopardy, it is fundamentally defective. Id. The overriding concern is whether the defendant had sufficient notice of the crimes for which he is being tried.
In the instant case, the caption charged armed robbery with a weapon and recited the statute applicable to that crime. These technical defects are not fatal. See Fla. R.Crim. P. 3.140(d)(1); Sanders v. State, 386 So.2d 256, 257 (Fla. 5th DCA 1980). The determinative questions are whether the information charged every element of the offense of robbery with a firearm and whether it misled McMillan. The specifications of the information alleged each essential element of the crime of armed robbery with a firearm. See §§ 812.13(1) and (2)(a), Fla. Stat. (2001). The information sufficiently notified McMillan that he was charged with committing a robbery by carrying a firearm. See Mosely v. State, 688 So.2d 999 (Fla. 2d DCA 1997). McMillan has failed to demonstrate otherwise. Sanders, 386 So.2d at 257.
Having concluded that the information sufficiently charged robbery with a firearm, we find that it was unnecessary for the state to prove that the firearm was operable. See, e.g., St. Hilaire v. State, 778 So.2d 479 (Fla. 4th DCA 2001); Ahlberg v. State, 541 So.2d 775 (Fla. 3d DCA 1989). Thus, McMillan's argument that the trial court abused its discretion in allowing the state to reopen its case is rendered moot. Even if it were not moot, this court has previously rejected the exact argument made by McMillan in K.K. v. State, 717 So.2d 193 (Fla. 5th DCA 1998).
Likewise, McMillan's remaining arguments must fall because the foundation upon which they were constructed has proven faulty. Because we find that the information sufficiently charged armed robbery with a firearm, McMillan's arguments regarding jury instructions, due process and separation of powers cannot stand. Accordingly, we affirm his conviction.
AFFIRMED.
COBB and PETERSON, JJ., concur.
NOTES
[1] McMillan was charged in Count 2 with resisting an officer without violence. That charge is not relevant to this appeal.