THOMPSON, J.
C.S., a minor, appeals an order adjudicating him delinquent. We affirm.
C.S. contends that the trial court erred in denying his motion for judgment of acquittal to the charge of retaliating against a witness in violation of section 914.23, Florida Statutes. A trial court must not grant a motion for judgment of acquittal unless there is no view of the evidence which a jury might consider to be favorable to the state that can be sustained under law. Holland v. State, 773 So.2d 1065 (Fla.2000). Section 914.23, Florida Statutes, provides in part:
A person who knowingly engages in any conduct that causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with the intent to retaliate against any person for:
(1) The attendance of a witness or party at an official proceeding, or for any testimony given or any record, document, or other object produced by a witness in an official proceeding; or
(2) Any information relating to the commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding given by a person to a law enforcement officer.
In the instant case, the victim was C.S.’s probation officer. She testified that when she informed C.S. that she was holding him in violation of his community control for being suspended from school, C.S began cursing, moving around the room, punching his fist in his palm, calling the victim names, and telling the victim that if she came to his house, he would set his dog loose on her. The victim testified that C.S. continued to try to intimidate her. The victim testified that she feared his threats because C.S. had previously been violent with other authority figures. The victim stated that C.S.’s actions made her believe that he would hurt her that day or the next day. Another witness testified that, at one point, he had to step between C.S. and the victim because C.S. stormed towards the victim. We conclude *639 there was sufficient evidence for the trial court to deny the motion for judgment of acquittal. Next, C.S. argues that the evidence does not support an adjudication of delinquency under section 914.23(1), Florida Statutes, which was cited in the information. Although C.S. was charged with violating subsection (1) instead of subsection (2), apparently in error, C.S. was charged with every element of the crime, and he had sufficient notice of the acts for which he was being tried. See McMillan v. State, 832 So.2d 946 (Fla. 5th DCA 2002) (holding that the overriding concern regarding a defective information is whether the defendant had sufficient notice of the crimes for which he was tried, and the determinative questions are whether the information charged every element of the offense and whether it misled the defendant).
Order adjudicating C.S. delinquent is AFFIRMED.
PETERSON and MONACO, JJ„ concur.