881 So.2d 693 (2004)
STATE of Florida, Appellant,
v.
Steven Jayson BURNETTE, Appellee.
No. 1D03-3178.
District Court of Appeal of Florida, First District.
August 30, 2004.
Charlie Crist, Attorney General; Alan R. Dakan, Assistant Attorney General, Tallahassee, for appellant.
William Mallory Kent, of The Law Office of William Mallory Kent, Jacksonville, for appellee.
WOLF, C.J.
The state appeals an order setting aside a jury verdict of guilty and granting a motion for new trial.[1] The trial court erred as a matter of law in finding that a technical discrepancy between the caption and the body of the information was not waived by appellee's failure to raise the *694 issue prior to the verdict; therefore, we reverse.
Appellee was charged by an amended information for incidents occurring in October 2002. The caption of the information states, "Burglary (Dwelling)." The body of the information described count I as follows:
STEVEN JAYSON BURNETTE on the 21st day of October, 2002, in the County of Duval and the State of Florida did unlawfully enter or remain in a structure, to wit: a building, the property of John Joseph Persin, with the intent to commit an offense therein, to-wit: theft, contrary to the provisions of section 810.02(3), Florida Statutes.
During the trial, without objection, the trial court informed the jury that Burnette had been "accused of the crimes of burglary to a dwelling" and resisting an officer without violence. The defense presented no evidence at trial that the structure was not a dwelling. Burnette's defense was that he entered the mobile home because he heard an alarm coming from inside and went into the home out of concern for the victim. The state also presented evidence that the structure was indeed the home of the victim.
The trial court gave the standard jury instruction for burglary, including the definitions of "theft," "structure," and "dwelling." Defense counsel made no objection to the instruction as given. The jury returned a guilty verdict, finding Burnette guilty of burglary "as charged in the information." The special verdict form had a check next to the statement "We, the jury, further find that the structure was a dwelling."
Almost a month after the verdict and prior to sentencing, Burnette's newly appointed counsel filed an amended motion for new trial, alleging that the court erred in permitting the state to argue that defendant had committed a burglary of a dwelling when defendant was charged only with burglary of a structure. The trial court granted the amended motion for a new trial, citing Troyer v. State, 610 So.2d 530 (Fla. 2d DCA 1992).
The standard of review in this case is de novo because the trial court granted a new trial based on a matter of law, not for lack of sufficiency of the evidence. See Geibel v. State, 817 So.2d 1042 (Fla. 2d DCA 2002) (holding that although appellate courts generally review a trial court's ruling on a motion for new trial based upon an abuse of discretion standard, a trial court's failure to apply the correct legal standard is a legal error subject to de novo review). Here, the trial court found that the discrepancy between the heading and the body of the charging document was prejudicial error. The trial court, however, failed to recognize the general rule that a defect in an information is waived if no objection is timely made so long as the information does not wholly fail to state a crime. See Williams v. State, 547 So.2d 710 (Fla. 2d DCA 1989); State v. Duarte, 681 So.2d 1187 (Fla. 2d DCA 1996); Catanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971). Where a defendant waits, as here, until after the state rests its case to challenge the propriety of an indictment, the defendant is required to show not only that the indictment is technically defective, but that it is so fundamentally defective that it cannot support any judgment of conviction. See Fla. R.Crim. P. 3.190 and 3.610; Ford v. State, 802 So.2d 1121, 1130 (Fla.2001) (noting any inquiry concerning the technical propriety of the indictment should have been raised prior to trial at which time any deficiency could have been cured).
An information is fundamentally defective only where it totally omits an *695 essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy. See McMillan v. State, 832 So.2d 946 (Fla. 5th DCA 2002). As explained in DuBoise v. State, 520 So.2d 260 (Fla.1988), the "reason for this provision [rule 3.610] is to discourage defendants from waiting until after a trial is over before contesting deficiencies in charging documents which could have easily been corrected if they had been pointed out before trial." Id. at 264-65. Furthermore, the failure to include an essential element of a crime does not necessarily render an indictment fundamentally defective when the indictment references a specific section of the criminal code which sufficiently details all the elements of the offense. Id. Here, the body of the information charged appellant with violation of section 810.02(3), the statute and section for burglary, a second-degree felony; the second page of the Amended Information attached to the Order Granting New Trial cites section 810.02(3)(b), which specifically describes burglary of a dwelling.[2]
An information may withstand an untimely challenge to a technical deficiency
(1) where a statutory citation for the crime is given, but all elements are not properly charged, or
(2) where the wrong or no statutory citation is given, but all elements of the crime are properly charged.
See, e.g., Fulcher v. State, 766 So.2d 243 (Fla. 4th DCA 2000) (affirming conviction where statutory citation for the crime was given, but all elements were not properly charged); Morales v. State, 785 So.2d 612 (Fla. 3d DCA 2001) (finding no fundamental error and that defendant was not prejudiced by citing to wrong statute where the language in the information placed him on proper notice of the crime with which he was being charged).
In McMillan, the heading of the information charged appellant with armed robbery with a weapon and cited that statute, but the body of the information alleged the elements of armed robbery with a firearm. McMillan, 832 So.2d at 946. As in this case, the defendant failed to object at trial until he was convicted of the armed robbery with a firearm. The appellate court found that these errors were technical and were not fatal, noting that "[t]he determinative questions are whether the information charged every element of the offense... and whether it misled McMillan." Id. at 948. The court affirmed the conviction for robbery with a firearm.
In Mesa v. State, 632 So.2d 1094 (Fla. 3d DCA 1994), the defendant was convicted of attempted second-degree murder with a firearm and given an enhanced sentence. The charging document referenced the correct statute, but it did not expressly allege the use of a firearm. The court affirmed the judgment and sentence despite this defect because it found the defendant waived any error by failing to file a motion to dismiss the information. Id. at 1095-1096. In Mesa the court framed the issue and upheld the convictions as follows:

*696 The question ... becomes whether the information ... is so fundamentally defective that it wholly fails to state the crime ... so that a judgment of conviction and sentence thereon cannot stand, even though no motion to dismiss was filed in the case.
...
We have not overlooked a line of Florida cases which have consistently set aside a judgment of conviction ... where the indictment or information failed to allege possession of a firearm as an essential element of the charged crime. In these cases, however, the indictment or information also failed to reference [the correct statute] as a statute which the defendant was charged with violating, and, as a consequence, the indictment or information wholly failed to state a crime under the statute and no judgment of conviction or sentence could be imposed under said statute. Because the information in the instant case referenced [the correct statute] as one of the statutes the defendant was charged with violating, these cases do not control our decision today. Moreover, it is undisputed that the jury expressly found the defendant guilty of possessing a firearm based on substantial competent evidence adduced below, so that all the requirements for invoking [the correct statute] were met in this case.
Id. at 1097-1098 (citations omitted). See also, Morales, 785 So.2d at 612 (noting that fact that defendant was charged in information with violating a repealed and replaced statute was not fundamental error where defendant failed to object at trial and the error did not mislead him); Williams, 547 So.2d at 710 (finding that stating offense as third-degree felony instead of second-degree felony was not fundamental error where the body of the information made it clear that defendant was charged with second-degree felony, and thus, defendant waived such error by failing to raise it until he appealed his conviction). As in Fulcher and Mesa, the correct statutory citation for the crime was given, but all the elements were not properly charged.
The trial court relied on the case of Troyer v. State, 610 So.2d 530 (Fla. 2d DCA 1992). There, the information caption charged appellant with "Obtaining A License Tag By Fraud," but the body cited the statute pertaining to obtaining a certificate of title fraudulently. There was no evidence that appellant had wrongfully obtained a certificate of title. There was no motion to dismiss or mention of the error during trial. The defendant was convicted of the wrong offense and on appeal the state conceded that the conviction arising from the facially defective information warranted reversal. The appellate court vacated the judgment and sentence, finding fundamental error, and the court stated that when there is a discrepancy between the heading and the body of an information as to the offense charged "the offense described in the body is the one with which the defendant is charged." Id. at 531.
Notwithstanding this general statement, Troyer can be distinguished from the instant case by the fact that in Troyer there was no evidence of the offense charged in the body. The body of the information also contained the wrong statutory section. Moreover, in Troyer the state conceded that reversal was warranted and that the defendant was found guilty of a crime he did not commit. In the instant case the information references the correct offense in the caption and the correct statute in the body of the information, the jury expressly found that the structure burglarized by appellee was a dwelling, and the facts support the verdict that appellant *697 committed the crime; therefore, we reverse the order granting new trial with directions for the trial court to reinstate the jury verdict and proceed to sentencing.
KAHN and LEWIS, JJ., concur.
NOTES
[1] We have jurisdiction to review motions granting new trials in criminal cases. See Fla.R.App. P. 9.140(c)(1)(C).
[2] Appellee claims he could not have filed a motion to dismiss the charge because he could not have known that he would be tried for burglary of a dwelling until trial. This argument is belied by the fact that the confusion in this case arose out of the inconsistency between the heading and the body of the information, which was apparent before trial. In fact, the record reflects that everyone involved in this case operated under the assumption that appellant was charged with burglary of a dwelling, as charged in the heading. Defense counsel never objected to the charge of burglary of a dwelling in opening statement, jury instructions, or at any other time prior to the verdict. Even Burnette's defense was premised on the fact that the building was the victim's home.