PER CURIAM.
Gerald C. McMillan appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. McMillan was convicted of armed robbery with a firearm and resisting an officer without violence. He appealed, and this court affirmed in a written opinion, McMillan v. State, 832 So.2d 946 (Fla. 5th DCA 2002), noting that all of McMillan’s arguments were founded upon his erroneous assertion that he was charged with armed robbery with a weapon rather than armed robbery with a firearm. This court held that the information sufficiently charged armed robbery with a firearm.
McMillan admits, and the trial court notes, that McMillan previously filed a Rule 3.850 motion. According to McMillan, it was “denied due to meritless nature.” He did not appeal.
In his second Rule 3.850 motion, McMillan made the following four arguments:
1. Trial court erred in their factual findings against the defendant’s guilt of Robbery with a Firearm: When ambiguity lies within a Florida statute itself.
2. Ineffective assistance of counsel for failing to file a Motion To Dismiss charges on defendant’s behalf.
3. Defendant was improperly sentenced to a ten-year minimum mandatory for Robbery with a Firearm.
4. Ineffective assistance of counsel: For misadvising and failing to inform the sentencing court pertaining *959 to defendant’s eligibility for Youthful Offender sentence.
The trial court ruled that claims two and four were successive and one and three were without merit. A reading of our records on the direct appeal shows that the first three of his current claims appear to be re-arguments, or variations thereof, of his contentions made on direct appeal. As to those claims, we affirm.
With regard to the fourth claim, based on the very limited record available to us, we are unable to determine whether it is successive. We are aware of the provisions of Rule 3.850(f), Florida Rules of Criminal Procedure, which provides:
Successive Motions. A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
Specifically, we do not know whether the fourth issue raises “new or different grounds for relief’ or if so, whether the “failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.” Fla. R.Crim. P. 3.850(f). We, therefore, reverse and remand to the trial court for a proper determination of the fourth claim pursuant to Rule 3.850(f).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SAWAYA, C.J., GRIFFIN and TORPY, JJ., concur.