929 So.2d 1180 (2006)
Pedro CASTILLO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2371.
District Court of Appeal of Florida, Fourth District.
June 7, 2006.
*1181 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Pedro Castillo was charged by information with burglary of a structure but was convicted of burglary of a dwelling. On appeal, Castillo argues that his conviction for an uncharged crime denied him due process of law and constituted fundamental error. We agree and remand with instructions to reduce appellant's conviction to burglary of a structure and to re-sentence him accordingly.
It is a basic tenet of constitutional law that due process is violated when an individual is convicted of a crime not charged in the charging instrument. See State v. Gray, 435 So.2d 816, 818 (Fla. 1983); Moran v. State, 869 So.2d 613, 615 (Fla. 4th DCA 2004); Mauldin v. State, 696 So.2d 801, 801 (Fla. 2d DCA 1997). "[T]he test for granting relief based on a defect in the charging document is actual prejudice to the fairness of the trial." Gray, 435 So.2d at 818. So-called technical deficiencies in a charging instrument are waived if the defendant does not raise them before the state rests its case. McMillan v. State, 832 So.2d 946, 948 (Fla. 5th DCA 2002).
Fundamental defects, however, can be raised for the first time on appeal. See Fulcher v. State, 766 So.2d 243, 244 (Fla. 4th DCA 2000). A charging instrument is fundamentally defective if "it is so vague, inconsistent and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." Brown v. State, 135 Fla. 30, 34, 184 So. 518, 519-20 (1938). The fifth district has noted that "[t]he overriding concern is whether the defendant had sufficient notice of the crimes for which he is being tried." McMillan, 832 So.2d at 948.
Here, appellant was charged by an information that was captioned "Burglary (Dwelling)." The body of the charging instrument, however, alleged that appellant burgled a "structure," and it referenced *1182 sections 810.02(1) and 810.02(4)(a), Florida Statutes. Section 810.02(1) provides a general definition of burglary:
(b) For offenses committed after July 1, 2001, "burglary" means:
1. Entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter[.]
Section 810.02(4)(a) outlines the elements for burglary of a structure or conveyance, a third degree felony:
Burglary is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a:
(a) Structure, and there is not another person in the structure at the time the offender enters or remains; or
(b) Conveyance, and there is not another person in the conveyance at the time the offender enters or remains.
In Fulcher v. State, 766 So.2d 243 (Fla. 4th DCA 2000), the defendant was charged with burglary of a dwelling. The information stated two of the three necessary elements for burglary and referenced the applicable statutes. We held: "Because the information in this case referenced the appropriate sections of our criminal code, the information was sufficient." Id. at 245; see also State v. Phillips, 463 So.2d 1136, 1138 (Fla.1985) (finding information heading plus reference to the statute that defined the elements of the crime sufficiently fulfilled the constitutional requirements for a charging instrument); State v. Burnette, 881 So.2d 693, 695 (Fla. 1st DCA 2004) ("An information may withstand an untimely challenge to a technical deficiency (1) where a statutory citation for the crime is given, but all elements are not properly charged, or (2) where the wrong or no statutory citation is given, but all elements of the crime are properly charged."); Cuevas v. State, 770 So.2d 703, 705 (Fla. 4th DCA 2000) (same).
In this case, the information clearly charged appellant with burglary of a structure. When a "discrepancy exists between the offense designated in the information heading and the crime depicted in the body of the instrument, the offense described in the body is the one with which the defendant is charged." Troyer v. State, 610 So.2d 530, 531 (Fla. 2d DCA 1992). Although the charging instrument was titled "Burglary (Dwelling)," the information included the essential elements of burglary of a structure and a reference to that statute. This case is thus distinguishable from the cases cited above, because it included both the elements of burglary of a structure, as well as a reference to that statute. The "deficiencies," therefore, are fundamental.
Burglary of a structure is a "necessarily included offense" of burglary of a dwelling. See Sassnett v. State, 838 So.2d 650 (Fla. 1st DCA 2003) (noting burglary of a structure is necessarily a lesser included offense of burglary of a dwelling); Florida Standard Jury Instructions in Criminal Cases p. 635 (5th ed.2005).[1] In explaining lesser included offenses, our supreme court stated:

*1183 [T]he burden of proof of the major crime cannot be discharged without proving the lesser crime as an essential link in the chain of evidence.
. . .
[I]f there is sufficient evidence to establish the offense charged, there is necessarily sufficient evidence to establish all elements of the lesser included offense.
Brown v. State, 206 So.2d 377, 382 (Fla. 1968), overruled on other grounds by In re the Use by Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.1981), modified, 431 So.2d 599 (Fla.1981). Because the jury found appellant guilty of burglary of a dwelling, the state necessarily proved its case of burglary of a structure, a necessarily included offense. Accordingly, we remand this cause to the trial court to reduce the conviction to burglary of a structure and to re-sentence appellant.
Reversed and Remanded.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] The Schedule of Lesser Included Offenses, included with the Florida Standard Jury Instructions, "is presumptively correct and complete." Ray v. State, 403 So.2d 956, 961 n. 7 (Fla.1981).