LAWSON, J.
 

 Jeffrey Wayne Moseley appeals the summary denial of his motion for postcon-viction relief filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. The motion presented thirteen claims, all of which were thoroughly addressed in the trial court’s well-reasoned thirty-page denial order, with the denials supported by record attachments where appropriate. We affirm the trial court’s order as to all claims, and find that the only issue meriting discussion is Moseley’s claim that he was convicted of an uncharged crime.
 

 Background
 

 On September 22, 2003, K.B., a minor student at Belleview High School in Marion County, Florida, reported to her school counselor that she had engaged in sex with Moseley. She also reported that her fourteen-year-old cousin, S.F., was involved in a sexual relationship with Moseley at the time. Moseley was forty-two years old. A report was made to law enforcement, which led to Moseley’s arrest on a single charge of unlawful sexual activity with K.B. Moseley made bail shortly after his arrest on this charge, after which he continued his relationship with S.F., while living in the home with S.F. and her mother.
 

 On April 19, 2004, the Department of Children and Families removed S.F. from her mother’s custody, after the mother admitted to police that she was aware of the sexual affair between her daughter and Moseley, and had still allowed Moseley to stay in the home. The Department placed S.F. with an aunt, and Moseley was arrested for the sexual battery of S.F. He again made bail, and again continued his relationship with S.F., taking her from her aunt’s custody and absconding with her to Las Vegas, Nevada, and then back to Florida, where he was eventually apprehended (with S.F.) at his sister’s home in Dania Beach. The State then amended its information, adding a charge of interfering with child custody in violation of section 787.03, Florida Statutes (2003).
 

 That statute contains two relevant subsections. In pertinent part, section 787.03(1) makes it unlawful for
 
 any person
 
 to take a child from the custody of his or her parents or lawful custodian, absent lawful authority to do so. Section 787.03(2), in relevant part, makes it unlawful for
 
 any parent or lawful custodian of a child,
 
 to take the child with malicious intent to deprive another parent or lawful custodian of that person’s legal right to custody of the child. Moseley is unrelated to S.F., and was clearly not her legal custodian. Therefore, subsection (2) had no application to this case. However, Moseley clearly violated subsection (1) by taking S.F. from her aunt, who had lawful custody of S.F. at the time.
 

 Inexplicably, the State’s amended information in the case charged Moseley with violating subsection (2), and no one appears to have caught the error. Instead, all parties and the court simply assumed that Moseley was being prosecuted under subsection (1). Moseley never objected to the defect in the information, and the information was never amended. The jury was instructed on the elements of the
 
 *552
 
 crime outlined in subsection (1), and Moseley was convicted of that charge. In essence, Moseley was charged with violating section 787.03(2), but was convicted of violating section 787.03(1).
 
 [1]
 
 Citing to the general rule that due process is violated when an individual is convicted of an uncharged crime, Moseley claims that he is entitled to postconviction relief.
 

 Analysis
 

 Moseley is correct that as a general rule “due process is violated when an individual is convicted of a crime not charged in the charging instrument.”
 
 Castillo v. State,
 
 929 So.2d 1180, 1181 (Fla. 4th DCA 2006) (citations omitted). However, “technical deficiencies in a charging instrument are waived if the defendant does not raise them before the state rests its case.”
 
 Id.
 
 (citing
 
 McMillan v. State,
 
 832 So.2d 946, 948 (Fla. 5th DCA 2002)). With respect to
 
 untimely
 
 challenges to technical deficiencies in the information or indictment, Florida courts have consistently held that a defendant is not entitled to relief: “ ‘(1) where a statutory citation for the crime is given, but all elements are not properly charged, or (2) where the wrong or no statutory citation is given, but all elements of the crime are properly charged.’ ”
 
 Id.
 
 (quoting
 
 State v. Burnette,
 
 881 So.2d 693, 695 (Fla. 1st DCA 2004) and also citing
 
 Cuevas v. State,
 
 770 So.2d 703, 705 (Fla. 4th DCA 2000)).
 

 In this case, although the information alleged the wrong subsection, it also alleged that Moseley did “unlawfully take, detain, conceal or entice away” S.F. “a child 17 years of age or under” from her aunt with the “intent to deprive [the aunt] of a right to custody of said child.... ” Although the language of the information does not track subsection (1) perfectly, it does allege all essential elements of the crime for which Moseley was convicted, and therefore withstands Moseley’s untimely challenge.
 
 Id.
 
 Ultimately, the “ ‘test for granting relief based on a defect in the charging document is actual prejudice to the fairness of the trial.’ ”
 
 Id.
 
 (quoting
 
 State v. Gray,
 
 435 So.2d 816, 818 (Fla.1983)). In this case, it is clear that Moseley suffered no actual prejudice. Rather, he defended the case at all stages of the proceeding, through verdict and appeal, under the assumption that he had been charged pursuant to subsection (1) of the statute, since he was not a parent or lawful guardian of the child. It would be contrary to the ultimate aim of justice to allow Moseley to now escape the consequences of his crime by belatedly objecting to a technical defect in the information that could have been easily corrected if the objection had been timely raised.
 

 AFFIRMED.
 

 GRIFFIN and MONACO, JJ., concur.
 

 [1]
 

 . The conviction was affirmed on appeal.
 
 See Moseley v. State,
 
 939 So.2d 1077 (Fla. 5th DCA 2006).