GERBER, J.
 

 The defendant below appeals his conviction for solicitation to
 
 purchase
 
 cocaine because the State charged and proved solicitation to
 
 deliver
 
 cocaine. The State confesses error. We concur and, therefore, reverse and remand for a new trial on the proper charge.
 

 The State’s information titled the charge as “Solicitation to Purchase Cocaine,” but alleged that the defendant “did unlawfully command, encourage, hire or request another person, tó-wit: Detective J. Riche to
 
 deliver
 
 to him a controlled substance, to-wit: Cocaine, contrary to F.S. 893.03(2)(a)(4), F.S. 893.13(2)(a) and F.S. 777.04(2).” (emphasis added). Section 893.13(2)(a), to which the information refers, addresses the purchase of controlled substances, while section 893.13(l)(a), to which the information does not refer, addresses the sale, manufacture, or delivery of controlled substances. Despite these patent discrepancies, the defendant did not object to or move to dismiss the information.
 

 At trial, the State presented evidence that the defendant approached an undercover officer posing as a street-level drug dealer and asked for “twenty ... hard.” After the officer gave the defendant fake crack cocaine in exchange for twenty dollars, officers arrested the defendant for solicitation to purchase cocaine. After the State rested, the defendant moved for a judgment of acquittal, but on grounds unrelated to the discrepancy between the solicitation to purchase and the solicitation to deliver. The trial court denied the motion.
 

 The State submitted proposed jury instructions which included an instruction that the State had accused the defendant of “Solicitation to Purchase Cocaine.” Another proposed instruction stated:
 

 To prove the crime of criminal solicitation, the State must prove the following two elements beyond a reasonable doubt:
 

 
 *266
 
 1. Moses Lee Terry solicited J. Riche to commit to purchase of cocaine [sic],
 

 2. During the solicitation, Moses Lee Terry commanded, encouraged, hired, or x-equested J. Riche to engage in specific conduct, which would constitute the commission of purchase of cocaine or an attempt to commit purchase of cocaine ....
 

 To solicit means to ask earnestly or to try to induce the person solicited to do the thing solicited.
 

 The State also submitted a proposed verdict form which asked the jury to find the defendant guilty
 
 of
 
 “Solicitation to Pui'chase Cocaine, as charged in the In-foraiation” or not guilty. The defendant appi-oved both the jury instimctions and verdict foi’m. The jury found the defendant guilty of solicitation to purchase cocaine. The judgment adjudicated the defendant guilty of solicitation to pui-chase cocaine, but the scoresheet indicated that the defendant had been convicted of solicitation to
 
 deliver
 
 cocaine.
 

 The defendant then filed this appeal, realizing after tidal that the information’s wording charged solicitation to deliver cocaine, and that the State’s evidence did not prove solicitation to pui'chase, but rather solicitation to deliver.
 
 See Castillo v. State,
 
 929 So.2d 1180, 1182 (Fla. 4th DCA 2006) (“When a ‘discrepancy exists between the offense designated in the information heading and the cidme depicted in the body of the instrament, the offense desci’ibed in the body is the one with which the defendant is charged.’ ”) (citation omitted).
 

 The defendant does not challenge the information’s eonti*adictory language.
 
 See Perley v. State,
 
 947 So.2d 672, 674 (Fla. 4th DCA 2007) (“So-called technical deficiencies in a charging instrument are waived if the defendant does not l'aise them before the state rests its ease.”), citing
 
 Castillo,
 
 929 So.2d at 1181. Rather, the defendant alleges the trial coux-t fundamentally erred by instructing the jury on solicitation to purchase cocaine when the State charged and proved solicitation to deliver cocaine. “It is a basic tenet of constitutional law that due process is violated when an individual is convicted of a cx-ime not charged in the charging instrument.”
 
 Castillo,
 
 929 So.2d at 1181. “Fundamental defects ... can be raised for the first time on appeal.”
 
 Id.
 

 The State agrees that the infoi’-mation should have been read to charge the defendant with solicitation to deliver cocaine. However, because of the information’s discrepancies, the parties inadvertently led the trial court to errantly instraet the juxy on solicitation to purchase instead, and the defendant was convicted of a crime not charged in the in-fonnation. The parties agree that the defendant should receive a new trial, for which the charge should be solicitation to deliver cocaine. We concur.
 

 Reversed and remanded.
 

 GROSS, C.J., and DAMOORGIAN, J., concur.