LAWSON, J.,
concurring specially.
The majority properly resolves this case by applying the plain language of section 913.08, Florida Statutes, and Florida Rule of Criminal Procedure 3.350, which link the number of peremptory challenges to the “offense charged,” in the singular. I write first to note that although our holding in this case is consistent with the result in Buchanan v. State, 927 So.2d 209 (Fla. 5th DCA 2006), it is not wholly consistent with the reasoning in that case. Buchanan should have been decided based simply upon the long-standing case law treating possession of a firearm as “an essential element of the crime charged” whenever section 775.087(2), Florida Statutes, is invoked. See, e.g., Mesa v. State, 632 So.2d 1094, 1097 (Fla. 3d DCA 1994). Under this precedent, the “offense charged” carries a life sentence whenever the state alleges the additional elements necessary for imposition of a minimum mandatory sentence of life under section 775.087(2).
I also question the per se reversal standard adopted by the panel in Buchanan. In Bushy v. State, 894 So.2d 88, 98 (Fla.2004), the supreme court noted that peremptory challenges are not constitutionally guaranteed at the state or federal level. See also Wilson v. State, 304 So.2d 119, 121 (Fla.1974) (“While the right to trial by jury in a case of this nature is fundamental, the exact number of persons prescribed to constitute a trial jury panel, as well as enumerated peremptory challenges, is a procedural process.... Additional review by our Court reveals that the use or lack of use of the peremptory challenges fails to demonstrate any prejudicial, harmful or reversible error.”') (citations omitted) (emphasis added). In a similar context, it is well-established that a defendant who claims to have been wrongfully forced to exhaust his peremptory challenges must also establish prejudice by demonstrating that an objectionable juror actually served on the jury (i.e., one that the defendant either unsuccessfully challenged for cause or otherwise objected to after his or her peremptory challenges were exhausted), before an appellate court will reverse his or her conviction. See Busby, 894 So.2d at 96-97. A similar rule should apply here. And, in the appropriate case, I believe that our court should revisit the per se reversal rule announced in Buchanan for cases in which a defendant is not afforded the appropriate number of peremptory challenges.
SAWAYA and COHEN, JJ., concur.