SAWAYA, J.,
concurring in part, dissenting in part.
I concur in the majority decision to affirm the conviction. However, I do not agree with the new rule adopted by the majority that requires a criminal defendant to file a motion under rule 3.190(c), Florida Rules of Criminal Procedure, in order to preserve the issue whether the State failed to present sufficient proof to qualify the Office of Statewide Prosecution (OSP) to prosecute the case. As to that part of the opinion, I respectfully dissent.
The OSP derives its authority to prosecute cases from article IV of the Florida Constitution and section 16.56, Florida Statutes. The OSP will have concurrent jurisdiction to prosecute an enumerated offense “only when any such offense is occurring, or has occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is connected with an organized criminal conspiracy affecting two or more judicial circuits.” § 16.56(l)(a)15., Fla. Stat. (2011). This statute also requires that “[ijnformations or indictments charging such offenses shall contain general allegations stating the judicial circuits and counties in which crimes are alleged to have occurred or the judicial circuits and counties in which crimes affecting such circuits or counties are alleged to have been connected with an organized criminal conspiracy.” Id. Hence there is a pleading requirement and a proof requirement. The State has the burden of presenting evidence to establish that the crime qualifies for prosecution by the OSP. See State v. Tacher, 84 So.3d 1131, 1133-34 (Fla. 3d DCA 2012) (specifically noting that: 1) “The charging document (information) alleges multi-county criminal activity”; 2) “There is evidence to support the exercise of the OSP’s authority under section 16.56(l)(a)”; and 3) “The OSP satisfied its burden under the first theory.”); King v. State, 790 So.2d 477, 479-80 (Fla. 5th DCA 2001) (“Here, it was alleged generally in the information that although the charged offenses were themselves committed in Orange County, that they ‘occurred in two or more judicial circuits ... as part of a related transaction.’ Proof was submitted to the trial judge which convinced him of the truth of this allegation.”), cert. denied, 537 U.S. 961, 123 S.Ct. 394, 154 L.Ed.2d 314 (2002).
If defective or improper pleading of the statutory allegations is the issue, I would agree with the majority that the pleading failure should be brought to the attention of the trial court via a timely motion under rule 3.190(c), Florida Rules of Criminal Procedure. Ford v. State, 802 So.2d 1121, 1130 (Fla.2001) (“Any inquiry concerning the technical propriety of the indictment should have been raised prior to trial at which time any deficiency could have been cured.”), cert. denied, 535 U.S. 1103, 122 S.Ct. 2308, 152 L.Ed.2d 1063 (2002); State v. Perkins, 977 So.2d 643, 645 (Fla. 5th DCA) (“It has long been Florida law that technical deficiencies or defects in form may be waived by failure to make timely objection or by a plea to the merits.”), review denied, 991 So.2d 387 (Fla.2008); McMillan v. State, 832 So.2d 946, 948 (Fla. *680 5th DCA 2002) (“Where the charging document is merely imperfect or imprecise, the failure to challenge it by motion to dismiss waives defect.”); see also Fla. R. Crim P. 3.140(o). But see Moseley v. State, 7 So.3d 550, 552 (Fla. 5th DCA) (“However, 'technical deficiencies in a charging instrument are waived if the defendant does not raise them before the state rests its case.’ ” (quoting Castillo v. State, 929 So.2d 1180, 1181 (Fla. 4th DCA 2006))), review denied, 19 So.3d 311 (Fla.2009).
However, there will be cases, and the instant case is an example, where the only allegation is that the State failed to meet its burden of presenting evidence to establish that the crimes the defendant was accused of committing qualified under the statute for prosecution by the OSP. The rule adopted by the majority provides that unless this failure of proof is alleged in a motion under rule 3.190(c), it is waived. I strongly disagree. A defendant should hot be forced to file a motion to require the State to prove that which it must prove in the first instance. The majority attempts to justify this new rule by holding that the statutory proof requirement is not an element of the charged crime. I do not think that matters. The burden is on the State to prove the authority of the OSP and the defendant should not be required to file a motion in order to make the State meet that burden and preserve the right to have that issue reviewed by an appellate court.
The court in Tacher, which is a decision cited by the majority in support of its new rule, did not say that the defendant was required to file a pretrial motion to dismiss. Rather, the court stated, “We suggest that such a motion be filed as a sworn motion to dismiss, similar to those filed under rule 3.190(c)(4), Florida Rules of Criminal Procedure.... ” Tacher, 84 So.3d at 1136 (emphasis added). Notably absent from that suggestion is any mention of waiver or any provision that makes the filing of such a motion mandatory. Tacher simply says that if the defendant files a motion, the issue may be resolved prior to trial, but if he or she does not, the issue will be decided at trial. While the court in Tacher may have made a good suggestion, the majority in the instant case has carried that suggestion too far by turning it into a mandatory rule that requires a defendant to file a motion under rule 3.190(c) or waive his or her right to appellate review of the issue. Although resolving the issue before trial in that manner may be preferable, the onus should be on the State to undertake its obligation to meet its burden and the deadline for the State to do so is the trial. If the State fails, the defendant must say so at the close of the State’s case or risk waiver. The defendant should not have to take that risk before the State has undertaken to meet its burden.