PER CURIAM.
Appellant, Curtis Bernard Hamilton, appeals his convictions and sentences for attempted second-degree murder, robbery, and burglary of a dwelling with battery. Appellant raises ten issues on appeal, only one of which merits discussion.
Appellant argues that he was improperly tried and convicted of burglary of a dwelling with battery when the State charged him with burglary of a structure with battery. Although, as the State concedes, the caption of the charging document alleged burglary of a dwelling with battery while the body of the document alleged burglary of a structure with battery, burglary, which is defined in part as “[ejntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein,” is a first-degree felony when an offender makes an assault or battery upon any person in the course of committing the burglary. See § 810.02(2)(a), Fla. Stat. (2010). The charging document cited to this statute as did Appellant’s judgment. Thus, regardless of whether the victim’s tent was alleged to have been a structure or a dwelling, Appellant was charged and convicted of the first-degree felony of burglary with a battery. As we have explained, a defect in an information is waived if no objection is timely made so long as the information does not wholly fail to state a crime. See State v. Burnette, 881 So.2d 693, 694 (Fla. 1st DCA 2004). Finding no fundamental deficiency in the charging document and no merit in Appellant’s other arguments, we AFFIRM.
DAVIS, PADOVANO, and THOMAS, JJ., concur.