MARSTILLER, J.
 

 The parties to this appeal are the divorced parents of three sons. Pursuant to a mediated settlement agreement, the Final Judgment of Dissolution of Marriage, entered in 2004, provided for shared parental responsibility, with Appellee, the former wife, as the primary residential parent. The two elder sons have reached eighteen years of age. But the eldest, Alexander (“Alex”), suffers from a severe seizure disorder and has been declared mentally incompetent. Appellee, who lives in Seattle, Washington, with her current husband, cares for Alex full time.
 

 The controversy underlying this appeal arose when Appellant, the former husband, refused to pay for respite nursing care for Alex. Appellee successfully
 
 *643
 
 petitioned the trial court for an increase in child support to cover the expense.
 
 [1]
 
 The court ruled that Appellee is entitled to receive payments for respite care related to her continuing care of Alex; Appellant must pay for ten hours per week and one forty-hour week each year for nursing care for Alex, by a registered nurse, at an hourly rate of $45.00; Appellant must reimburse Appellee $15,871.00 for past respite care expenses; and Appellee must provide Appellant with appropriate documentation (invoices and receipts) of the nursing services Alex receives. Appellant raises several evidentiary challenges to the trial court’s order, and we dispose of them without further comment for there is competent, substantial evidence in the record supporting the court’s findings. Appellant’s primary contention is that the cost of respite care constitutes additional child support the trial court had no legal basis to order. We conclude otherwise and affirm.
 

 Alex suffers from an acute epileptic condition called Lennox-Gastaut Syndrome.
 
 [2]
 
 His condition has deteriorated substantially since the parties divorced. Because of his worsening condition, Appellee stopped working to care for him full time.
 
 [3]
 
 Appel-lee, who is a registered nurse (RN), described Alex’s medical needs as follows. He takes five seizure medications: Depa-kote, Diastat, Dilantin, Lamictal and Ruffi-namide. Neither a nursing assistant nor a licensed practical nurse (LPN) can administer the Dilantin because neither professional is authorized to determine when the drug is needed. Alex experiences up to forty seizures in a day, and at times, he is rendered unable to breathe. Depending on the type and length of a seizure, Alex may need to be given Diastat, which is administered rectally and causes respiratory depression, have his airway opened with a tube placed in his oropharynx, and receive oxygen. Although these procedures generally need not be performed by a healthcare professional, Alex’s condition and status as an unstable patient require a RN’s critical thinking and assessment skills — particularly neurological and respiratory assessment — to determine the best course of treatment when he is experiencing a seizure. In sum, Alex needs medical care from a trained professional above the level of LPN. Appellee currently provides such care, and the trial court ordered respite medical care to relieve her from time to time and to enable her to go on vacation with her husband and other children.
 

 Relying on
 
 Kuttas v. Ritter,
 
 879 So.2d 3 (Fla. 2d DCA 2004), Appellant asserts that the trial court here erred as a
 
 *644
 
 matter of law
 
 [4]
 
 by ordering him to pay for Alex’s respite care because Appellee’s need for respite arose when she voluntarily relocated with Alex to another state.
 
 Kuttas
 
 appears to be the only Florida appellate decision discussing respite care in the marital dissolution/child support context. There, the Second District reviewed an order modifying child support upward to include respite care expenses for the parties’ two teenage children, both of whom were autistic. The children’s mother sought additional child support because both children had special needs, the father had moved out of state and could no longer exercise visitation every other weekend, and the mother received no regular relief from taking care of the children. 879 So.2d at 4. The trial court found these factors constituted a substantial change in circumstances justifying an upward deviation from the child support guidelines to cover the cost of twenty-four hours of respite care per month for each child.
 
 Id.
 
 at 5-6. The Second District affirmed the trial court’s finding.
 
 Id.
 

 We do not read
 
 Kuttas
 
 to hold categorically that a court may only require a parent to pay for respite care for a child when that parent stops exercising his or her visitation. On the contrary, in that case the father’s inability to visit the children after relocating out of state was merely one factor among others for the court to consider in deciding whether to increase child support payable to the mother. Whether a substantial change in circumstances has occurred to justify an increase in child support is a decidedly case-specific determination.
 
 See generally Overbey v. Overbey,
 
 698 So.2d 811, 813 (Fla.1997).
 

 Moreover, the respite care ordered by the trial court in
 
 Kuttas
 
 was for child care, albeit for two autistic children. Here, the respite care the trial court awarded Appel-lee is for Alex’s medical care. Section 61.30(ll)(a)l, Florida Statutes (2004), permits adjustments in child support for “[extraordinary medical, psychological, educational, or dental expenses.” We find no abuse of discretion by the trial court in requiring Appellant to reimburse Appellee, who shoulders most of the responsibility for Alex’s medical care, for a limited amount of respite care. Alex’s condition and constant need for medical care justify the award.
 

 AFFIRMED.
 

 WETHERELL and SWANSON, JJ., concur.
 

 [1]
 

 . It appears from the record that Appellee initially sought the respite care payments under the provision in the Final Judgment of Dissolution of Marriage requiring Appellant to pay for all reasonable health care expenses not covered by health insurance and exceeding $1,000 per year. However, Appellee subsequently filed a supplemental petition to modify child support addressing Alex’s need for round-the-clock medical care.
 

 [2]
 

 . Lennox-Gastaut syndrome is a severe form of epilepsy. Seizures usually begin before 4 years of age. Seizure types, which vary among patients, include tonic (stiffening of the body, upward deviation of the eyes, dilation of the pupils, and altered respiratory patterns), atonic (brief loss of muscle tone and consciousness, causing abrupt falls), atypical absence (staring spells), and myclonic (sudden muscle jerks). There may be periods of frequent seizures mixed with brief, relatively seizure-free periods.
 

 National Institute of Neurological Disorders and Stroke, http://www.ninds.nih.gov/ disorders/lennoxgastautsyndrome/ lennoxgas-tautsyndrome.htm (last viewed Dec. 6, 2011).
 

 [3]
 

 .At the time of the hearing and rendition of the decision on appeal, Alex was attending special education classes outside the home approximately nine hours per week, accompanied by a nurse. He has since aged out of the program.
 

 [4]
 

 . Although in making this argument, Appellant urges
 
 de novo
 
 review, we employ the abuse of discretion standard of review applicable to orders modifying child support.
 
 See Spano v. Bruce,
 
 62 So.3d 2, 5 (Fla. 3d DCA 2011).