PER CURIAM.
Warren Lee Edwards (“Appellant”) appeals a lower court order dismissing his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. In the motion filed January 2013, Appellant claimed the trial court that convicted and sentenced him in 2000 for sending a written threat lacked subject matter jurisdiction because it failed to ensure that probable cause supported the information filed by the State. He further asserted the information charging him with sending a written threat lacked probable cause because the State Attorney’s Office failed to provide sworn supporting testimony from material witnesses. Appellant also alleged ineffective assistance of counsel for failing to challenge the charging document’s validity, and claimed this ground for postcon-viction relief was newly discovered because “Defendant did not know the law in order to present it.”
The postconviction court ruled that: (1) to the extent Appellant claimed trial court error, the claim could not be raised in a rule 3.850 motion; (2) to the extent Appellant attacked the validity of the information, the asserted lack of material witness testimony did not deprive the trial court of subject matter jurisdiction; and (3) Appellant’s claim of ineffective assistance of counsel was untimely. The court also not *136 ed that Appellant has filed “other postcon-viction motions over the years, all of which the Court has denied,” and cautioned Appellant that filing further frivolous pro se pleadings in this criminal case could subject him to sanctions.
We affirm the order dismissing Appellant’s motion for postconviction relief. Appellant’s three claims are simply the same claim stated differently. Essentially, Appellant challenges the information filed against him, asserting that it lacked probable cause, which, in turn, deprived the trial court of subject matter jurisdiction. Normally, a claim that the trial court lacked subject matter jurisdiction can be raised at any time. See Waggy v. State, 935 So.2d 571, 573 (Fla. 1st DCA 2006). Further, a fundamental defect in the information can support a claim of lack of subject matter jurisdiction. See Carbajal v. State, 75 So.3d 258, 262 (Fla.2011). Not every defect in the charging instrument will render a subsequent conviction void, however. See id. “An information is fundamentally defective only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy.” State v. Burnette, 881 So.2d 693, 694-95 (Fla. 1st DCA 2004). An objection to any non-fundamental defect in a charging document must be timely made, or the objection is waived. Id. at 694. Because Appellant’s postconviction claim alleged no fundamental defect in the information filed against him, it was untimely made 13 years after conviction. See Fla. R. Crim. P. 3.850(b). Therefore, the court correctly dismissed Appellant’s motion.
This is the third time Appellant has appealed, to this court, an order denying or dismissing his postconviction filing in which he raised the same lack-of-subject-matter-jurisdiction claim. We caution Appellant that further frivolous appeals advancing this claim long ago deemed to lack merit may result in the imposition of sanctions, including a prohibition on further pro se filings in this court. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999) (“[A]ny citizen, including a citizen attacking his or her conviction, abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims.”); Fla. R. App. P. 9.410(a).
AFFIRMED.
VAN NORTWICK, ROWE, and MARSTILLER, JJ., concur.