PER CURIAM.
This cause came before the trial court on the former husband’s Corrected Second Motion for Contempt Regarding Visitation, alleging the former wife was frustrating his attempts to visit the parties’ disabled adult son, Alexander Koslowski, contrary to the provisions of an order entered by the trial court on July 9, 2010.[1] Alexander presently lives in the State of Washington with the former wife and his stepfather, who were appointed Alexander’s co-guardians in November 2009 by order of the Superior Court of the State of Washington in and for King County. The former husband resides in Jacksonville, Florida. Viewing the former husband’s motion as one for enforcement, the trial court ordered that the former husband could exercise visitation with Alexander in Jacksonville for one month, and directed former wife (a registered nurse) to accompany Alexander or, at her option, pay an airline representative or a nurse to do so.[2] The former wife challenges the order primarily on the basis that the trial court lacks subject matter jurisdiction to address visitation because Alexander is no longer a minor. While the former wife also raises other points on appeal, we need not reach them. Instead, we hold the circuit court, Fourth Judicial Circuit in and for Duval County, Florida, lost subject matter jurisdiction under chapter 61, Florida Statutes (2004), for purposes of custody and visitation, once Alexander reached the age of majority, notwithstanding his disability.
Our decision to reach this point, despite past trial court orders assuming jurisdiction and appellate opinions silent on the matter,[3] is mandated by principles *436 so rudimentary to our system of jurisprudence as to be beyond debate. First, “[s]ubject matter jurisdiction — the ‘power of the trial court to deal with a class of cases to which a particular case belongs’— is conferred upon a court by constitution or by statute.” Strommen v. Strommen, 927 So.2d 176, 179 (Fla. 2d DCA 2006) (quoting Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla.1994)). It “cannot be created by waiver, acquiescence, or agreement of the parties, or by error or inadvertence of the parties or their counsel, or by the exercise of power by the court; it is a power that arises solely by virtue of law.” Hoechst Celanese Corp. v. Fry, 693 So.2d 1003, 1006-07 (Fla. 3d DCA 1997) (quoting 84 Lumber Co. v. Cooper, 656 So.2d 1297, 1298 (Fla. 2d DCA 1994)); Strommen, 927 So.2d at 179. Second, a lack of subject matter jurisdiction renders a judgment void, “and a void judgment can be attacked at any time, even collaterally.” Strommen, id. Accord, Edwards v. State, 128 So.3d 134, 136 (Fla. 1st DCA 2013); Holub v. Holub, 54 So.3d 585, 587 (Fla. 1st DCA 2011); Colucci v. Greenfield, 547 So.2d 224, 225 n. 1 (Fla. 3d DCA 1989). Third, an appellate court has an independent duty to recognize a jurisdictional defect even if not raised by either party. See 84 Lumber, 656 So.2d at 1299 (citing City of Gainesville v. Republic Inv. Corp., 480 So.2d 1344 (Fla. 1st DCA 1985)). Finally, “[a] judicial or quasi-judicial decision will not be given res judicata effect where rendered by a tribunal lacking subject matter jurisdiction.” Fla. Export Tobacco Co. v. Dep’t of Revenue, 510 So.2d 936, 943 (Fla. 1st DCA 1987) (citing Fla. Nat’l Bank v. Kassewitz, 156 Fla. 761, 25 So.2d 271 (1946)); see also 84 Lumber, 656 So.2d at 1299 (holding a trial court’s order rendered without jurisdiction “is not entitled to the preclusive effect of res judi-cata,” citing Kassewitz).
In the present case, the trial court had the power to order visitation with Alexander only while he was a minor. See § 61.13(2), Fla. Stat. (2004). The trial court could not exercise that jurisdiction once Alexander reached majority. See Poliak v. Poliak, 235 So.2d 512, 514 (Fla. 2d DCA 1970) (holding the law of Florida “is well settled” that a circuit court retains continuing exclusive jurisdiction to modify its custody orders, including visitation privileges, until such time as the minor children reach their majority). The trial court does, however, have continuing jurisdiction under sections 61.13(1) and 743.07(2), Florida Statutes (2012), to order support for Alexander, despite his having reached adulthood, because of his mental and physical incapacity.[4] No similar exception exists, though, continuing the trial court’s jurisdiction to enter orders concerning visitation. Indeed, even for the general purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the term “child” is defined as meaning “an individual who has not attained 18 years of age.” See § 61.503(2), Fla. Stat. (2004). Furthermore, we consider it worthy to emphasize that under the guardian *437 ship order entered by the State of Washington, Alexander was found not to be incompetent in the area of making decisions regarding his social relationships, including (as added and initialed by both parties), “supervised visitation with [his] father.”
In conclusion, because the trial court lacked subject matter jurisdiction to enforce the July 9, 2010, order, the order on appeal is void and, for that reason, is hereby quashed.
BENTON, SWANSON, and OSTERHAUS, JJ., concur.

. The order, entered on various motions and addressing contact between two of the parties’ sons and the former husband, was affirmed on direct appeal. See Koslowski v. Koslowski, 78 So.3d 642 (Fla. 1st DCA 2011). A subsequent order holding the former wife in contempt of the July 9, 2010, order was reversed by this Court in Hardman v. Koslowski, 107 So.3d 1246 (Fla. 1st DCA 2013). The history of the parties’ post-2004 dissolution litigation is expanded on in these decisions.

. Alexander suffers from an acute epileptic condition that renders his condition unstable and requires a nurse’s "critical thinking and assessment skills[.]” Koslowski, 78 So.3d at 643.

.The doctrine of law of the case is a doctrine of judicial estoppel "limited to questions of law actually presented and considered on a former appeal.” Fla. Dep’t of Transp. v. Juliano, 801 So.2d 101, 105-06 (Fla.2001). The former husband argued in his answer brief that subject matter jurisdiction was actually raised and necessarily, though implicitly, resolved by this Court in Hardman, supra note 1. We disagree. In Hardman, we reversed the trial court’s order holding the former wife in contempt for failing to abide by the terms of the July 9, 2010, order, ruling the provisions of that order concerning contact between the former husband and his sons were "aspirational goals” only, relying on the well-settled rule that " ‘[o]ne may not be held in contempt for violating something that an or *436 der does not say.' ” 107 So.3d at 1248 (quoting Keitel v. Keitel, 716 So.2d 842, 844 (Fla. 4th DCA 1998)). Reversal in Hardman was not, on its face, predicated on a lack of subject matter jurisdiction, and reflects no consideration of the issue.

. Section 61.13(l)(a)l.a., provides that "the court may at any time order either or both parents who owe a duty of support to a child to pay support to the other parent,” and this duty ceases after the "child’s eighteenth birthday unless the court finds or previously found that s. 743.07(2) applies, or is otherwise agreed to by the parties.” In turn, section 743.07(2) empowers the court to require support "for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity .... ”