ON MOTION FOR REHEARING AND MOTION FOR REHEARING EN BANC
TAYLOR, J.
We grant the state’s Motion for Rehearing and deny the Motion for Rehearing En Banc, withdraw our prior opinion, and substitute this opinion in its place.
John Patrick Fravel appeals his convictions for two counts of fraudulent use of personal identification information and one count of grand theft. These convictions resulted from two separate cases which were consolidated below and on appeal. Appellant argues that the trial court erred in denying his motion for continuance to locate witnesses, denying his motion for *971 judgment of acquittal, excluding, testimony about a witness’s IRS debt, and adjudicating him guilty of two counts of fraudulent use of personal identification information in violation of double jeopardy. We affirm on all issues, but write to address the double jeopardy issue.
Briefly, the state sought to prove that appellant and co-defendant Gene Dodge stole the identity of two victims and used their personal identification to fraudulently open multiple lines of credit. Only the first two counts are relevant for purposes of this opinion. Count I alleged that between July 12, 2007 and February 26, 2008, appellant fraudulently used the personal identification information of the victim, and that the amount of the injury or fraud was $5,000 or more but less than $50,000. Count II alleged that appellant fraudulently used the personal identification information of the same victim during the same time frame. However, Count II did not specify an amount of injury or fraud.
Appellant argues that his convictions for Count I and Count II violate double jeopardy. Specifically, he asserts that the elements of Count II were subsumed within the elements of Count I.
The state responds that there is no double jeopardy violation because appellant’s charges arose from two distinct criminal acts, in . that appellant used the victim’s personal identification to obtain credit cards at two different banks, Chase and Capital One. The state also contends that appellant failed to preserve this issue for appeal because he neither filed a pre-trial motion to dismiss nor requested a bill of particulars. We agree with the state’s arguments.
Typically, “[a]n information is fundamentally defective only where it-totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy.” Edwards v. State, 128 So.3d 134, 136 (Fla. 1st DCA 2013) (quoting State v. Burnette, 881 So.2d 693, 694-95 (Fla. 1st DCA 2004)). “So-called technical deficiencies, in a charging instrument are waived if the defendant does not raise them before the state rests its case.” Perley v. State, 947 So.2d 672, 674 (Fla. 4th DCA 2007) (quoting Castillo v. State, 929 So.2d 1180, 1181 (Fla. 4th DCA 2006)). “However, even if waived below, if the defect constitutes fundamental error, it can be raised for the first time on direct appeal.” Id. (quoting Castillo, 929 So.2d at 1181). In Perley, we held that an information was- not fundamentally defective simply because it did not include any factual specifics surrounding, the charge. Id.
Similar to Perley, "appellant waived any arguments regarding the information, and the state’s omission of factual specifics distinguishing the charges does not render the information fundamentally.defective.
On the merits,- this- case is similar to our decision in Nicholson v. State, 757 So.2d 1227 (Fla. 4th DCA 2000). In Nicholson, we examined whether the defendant’s convictions on two identically-worded counts violated the protection' against double jeopardy. Id. at 1228. In that case, the defendant threw a brick through the window of the patio door at the rear of a home and then went around to the front and threw another brick through a front window. Id. He was charged with two counts of throwing a deadly missile into a dwelling, pursuant to section 790.19, Florida Statutes. We affirmed his convictions, explaining:
-The bricks were thrown at discrete times and from- discrete, locations. It clearly required separate intent to throw a brick through the .patio door at the *972 rear of the house and then, after running to the front of the house, to throw a brick through a front window.
Id, Because the evidence at trial clearly distinguished between the two separate offenses, double jeopardy considerations were not implicated. Id.
Here, the state charged appellant in Count I with a violation of section 817.568(2)(b), Florida Statutes, and in Count II with a violation of section 817,568(2)(a), Florida Statutes. The elements of fraudulent use of personal identification information under section 817.568(2)(a), Florida Statutes (2007), are: (1) willfully and without authorization fraudulently using or possessing with intent to fraudulently use; (2) personal identification information concerning an individual; and (8) without first obtaining that individual’s consent. A violation of section 817.568(2)(a) is a third degree felony.
Section 817.568(2)(b), Florida Statutes (2007), states in pertinent part that “[a]ny person who willfully and without authorization fraudulently uses personal identification information concerning an individual without first obtaining that individual’s consent commits a felony ... if the pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated is $5,000 or more.” (emphasis added). A violation of section 817.568(2)(b) is a second degree, felony.
In this case, the two charges are degrees of the same offense. The offenses do not each contain a separate element of proof that the other does not; therefore, section 817.568(2)(a) is a lesser included offense, which would subsumed by the greater offense of section 817.568(2)(b) if they were directed at a single act. However, the state presented evidence that appellant committed two distinct acts, i.e,, using the victim’s personal identification to obtain two different credit cards, one from Chase and the other from Capital One. During closing argument, the state explained that Count I corresponded to the Chase account and Count II corresponded to the Capital One account.
Because the evidence at trial clearly distinguished between the two separate counts, we conclude, as we did in Nicholson, that double jeopardy considerations are not implicated.

Affirmed.

CIKLIN, C.J., and LEVINE, J., concur.