PER curiam.
Appellant is serving a life sentence for one count of sexual battery of a child under 12, along with 30-year sentences for two counts of lewd and lascivious molestation. His convictions and sentences—Duval County Case No. 04-CF-2821—were per curiam affirmed on direct appeal and have been final for more than- 9 years. See Reynolds v. State, 977 So.2d 584 (Fla. 1st DCA 2008) (table) (mandate issued April 16, 2008).
‘Appellant has filed rhultiple 'motions seeking postconviction relief over the years, but he has not obtained any relief. See Reynolds v. Jones, 176 So.3d 1020 *755 (Fla. 1st DCA 2015) (dismissing the untimely appeal of a rule 3.850 motion); Reynolds v. State, Case No. 1D14-4346 (Fla. 1st DCA Nov. 25, 2014) (unpublished order dismissing appeal from an order denying a rule 3.850 motion); Reynolds v. State, 65 So.3d 1059 (Fla. 1st DCA 2011) (table) (affirming the denial of a rule 3.850 motion). His current motion seeks “relief from judgment” pursuant to . Florida Rule of Civil Procedure 1.540(b) and several provisions of Federal Rule of Civil Procedure 60, but the trial court properly treated the motion as a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The court denied the motion as untimely.[1]
We affirm the denial of the motion. The claim raised in the- motion—that Appellant’s convictions and sentences are void because the information was not supported by sworn testimony of a material witness—is not only untimely, but it is also successive. and frivolous. See Edwards v. State, 128 So.3d 134, 135 (Fla. 1st DCA 2013); Logan v. State, 1 So.3d 1253, 1254-55 (Fla. 4th DCA 2009). The brief filed by Appellant did not present a colorable argument for reversal of the trial court’s order.
Because we find this appeal to be frivolous, we direct the clerk to forward a certified copy of this opinion to the Department of Corrections for appropriate disciplinary action against Appellant. See § 944.279, Fla. Stat.; Ponton v. Willis, 172 So.3d 574 (Fla. 1st DCA 2015). Additionally, we caution Appellant that the filing of any additional frivolous or repetitious appeals or petitions in this court challenging his convictions and sentences in Duval County Case No. 04-CF-2821 may result in an order barring him from further pro se filings in this court. See State v. Spencer, 751 So.2d 47 (Fla. 1999); Fla. R. App. P. 9.410.
AFFIRMED.
WETHERELL, RAY, and MAKAR, JJ„ CONCUR.

. The trial court also directed Appellant to show cause why he should not be barred from further pro se filings challenging' his convictions and sentences, and the court subsequently entered an "Order Prohibiting Defendant From Further Pro Se Filings.” We affirmed that order in a separate appeal. See Reynolds v. State, Case 1D17-1314, 2011 WL 2906116 (Fla. 1st DCA June 7, 2017).