IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ELIZABETH KESSINGER,
FORMER WIFE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

CASE NO. 1D16-1997

v.

CLIFTON J. KESSINGER,
FORMER HUSBAND,

     Appellee.

_____/

Opinion filed November 6, 2017.

An appeal from the Circuit Court for Duval County.
Elizabeth A. Senterfitt, Judge.

Beth M. Terry, Jacksonville, for Appellant.

Robert Elrod, Jr., Jacksonville, for Appellee.

PER CURIAM.

A State of Georgia resident, Elizabeth Kessinger, appeals the trial court's

judgment domesticating her out-of-state divorce judgment and decision to resolve

her former husband Clifton Kessinger's request to modify their out-of-state child

support and child custody orders. We reverse because the trial court lacks jurisdiction to modify the orders.

In 2011, the parties received a final judgment of divorce from the State of New York. The judgment incorporated a child custody arrangement providing for Ms. Kessinger to be the primary residential parent of the parties' three children, and a child support agreement requiring Mr. Kessinger to provide for the children until age twenty-one. Mr. Kessinger subsequently moved to Jacksonville, Florida, and Ms. Kessinger moved to Georgia. Two of the children have since turned eighteen and one of them lives with Mr. Kessinger in Jacksonville.

In 2015, Mr. Kessinger filed a petition to modify the New York-entered child support and child custody orders, seeking specifically "to name [himself as] the majority timesharing parent of the minor children, to give the Former Wife limited to no timesharing with the children, [and] to recalculate the child support." The trial court granted Mr. Kessinger's petition, ordering the New York judgment "fully enforceable and modifiable" in Florida and setting a hearing regarding the modification of child support and child custody. Ms. Kessinger then timely appealed the final judgment.

Ms. Kessinger objects to the final judgment on jurisdictional grounds. Ms. Kessinger objects because she lives in Georgia and has not consented to having a Florida court modify the judgment. Two statutes address the circumstances under

which Florida's courts can modify out-of-state child support judgments. Section 88.6131, Florida Statutes, allows modifications, but only if all parties now reside in the State of Florida. Here, they do not. Ms. Kessinger lives in Georgia, which Mr. Kessinger's petition acknowledges. Section 88.6111 allows for modifications if the petitioner is not a Florida resident and the children are Florida residents. But it is the opposite in this case: Mr. Kessinger lives in Florida and two of the children live elsewhere, according to Mr. Kessinger's Petition and the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA) verified affidavit filed by Ms. Kessinger.

With respect to custody, two of the older children have reached eighteen years of age and the court lacks subject matter jurisdiction with respect to them. *Hardman v. Koslowski*, 135 So. 3d 434 (Fla. 1st DCA 2014) (holding that a trial court loses subject matter jurisdiction over child custody and visitation determinations when a child turns eighteen). Only one of Mr. Kessinger's children remains a minor and that child lives with Ms. Kessinger in Georgia. § 61.503(2), Fla. Stat. (defining a "child" as an individual who has not turned eighteen). Florida is not the child's home state and its courts lack jurisdiction because the child lived with her mother in Georgia during the six-month period preceding the petition. *See Gonzalez v. Gonzalez*, 654 So. 2d 257, 259 (Fla. 3d DCA 1995) ("[M]erely having a parent who lives in Florida will not support a finding that the child has a significant connection with this state"). For these reasons, we conclude that the trial court lacks jurisdiction to domesticate

the out-of-state divorce judgment for the purposes of modifying the child support and custody orders.[1]

Thus, we REVERSE with directions to VACATE the final judgment below and DISMISS the petition on jurisdictional grounds. We need not reach the notice issue raised by Ms. Kessinger's appeal.

B.L. THOMAS, C.J., and OSTERHAUS and BILBREY, JJ., CONCUR.

---

[1] The record also does not support the exercise of jurisdiction for other statutory reasons. *See* § 61.514(1), Fla. Stat.; § 61.516, Fla. Stat. There is no indication, for instance, that Georgia's courts (or another state's courts) lack, or have declined jurisdiction over the custody issue here. And, from all indications, a Georgia court would be the more convenient forum.