NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TRAVIS MONTEZ EDWARDS,    )
    )
    Appellant,    )
    )
v.    )    Case No. 2D18-807
    )
STATE OF FLORIDA,    )
    )
    Appellee.    )
_____)

Opinion filed March 15, 2019.

Appeal from the Circuit Court for
Manatee County; Charles P. Sniffen,
Judge.

Howard L. Dimmig, II, Public Defender, and
Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Dawn A. Tiffin, Assistant
Attorney General, Tampa (withdrew after
briefing); and Cynthia Richards, Assistant
Attorney General, Tampa (substituted as
counsel of record), for Appellee.


KHOUZAM, Judge.

        Travis Edwards appeals his dual convictions under section

893.13(1)(a)(1), Florida Statutes (2016), for selling heroin and fentanyl, arguing that

selling a mixture of the two only counts as one offense for double jeopardy purposes. Because no double jeopardy violation occurred, we affirm.

We note at the outset that Edwards entered an open plea of nolo contendere to both charges without reserving his right to appeal on double jeopardy grounds. However, where a plea "is a general plea," a double jeopardy violation "is apparent from the record," and "there is nothing in the record to indicate a waiver" of the violation, the issue may be addressed on appeal. Novaton v. State, 634 So. 2d 607, 609 (Fla. 1994). The State argues that Edwards implicitly waived double jeopardy because he raised the issue before the trial court prior to entering his plea. However, "an open plea 'does not amount to a waiver of the right to appeal where there is no *express* waiver of the right to appeal a possible double jeopardy violation.' " Holubek v. State, 173 So. 3d 1114, 1116 (Fla. 5th DCA 2015) (quoting Latos v. State, 39 So. 3d 511, 515 (Fla. 4th DCA 2010)); see also Godfrey v. State, 947 So. 2d 565, 567 (Fla. 1st DCA 2006) ("Because appellant in the instant case entered a non-bargained for, 'straight up' plea, without *expressly* waiving his right to a later appeal premised on a double jeopardy issue, his plea did not amount to a waiver.").

Edwards sold heroin to an undercover officer of the Manatee County Sheriff's Office during a controlled buy on December 15, 2016. Chemical testing revealed that the heroin was mixed with fentanyl, another controlled substance. Edwards was thereafter charged with two counts of sale or delivery of a controlled substance under section 893.13(1)(a)(1), one for sale of heroin and the other for sale of fentanyl. Edwards moved for dismissal of either one of the two counts on double jeopardy grounds, but the motion was denied.

In double jeopardy cases, the ultimate question is what punishments the legislature intended for a criminal act. See Albernaz v. U. S., 450 U.S. 333, 344 (1981) ("[T]he question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed."). "[T]here is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the [l]egislature intends to authorize separate punishments." Valdes v. State, 3 So. 3d 1067, 1069 (Fla. 2009).

To determine legislative intent in this case, both parties rely on section 775.021(4)(a), Florida Statutes (2016), which authorizes multiple punishments for a single criminal act if that act constitutes separate criminal offenses. Under this statute, criminal "offenses are separate if each offense requires proof of an element that the other does not." Id. This statute codifies the "different elements" test, which states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).

This test does not apply in the instant case because Edwards' sale of mixed drugs involves only one act and only one statute. See McKnight v. State, 906 So. 2d 368, 371 (Fla. 5th DCA 2005) (holding that the "different elements" test was inapplicable where defendant was convicted twice for killing two people in one accident in violation of one vehicular homicide statute). Rather, this court should "apply the 'allowable unit of prosecution' standard to determine whether a double jeopardy

- 3 -

violation has occurred." Id. (citing Sanabria v. U.S., 437 U.S. 54 (1978); Bautista v. State, 863 So. 2d 1180 (Fla. 2003)). By this standard, the legislature identifies the aspects of criminal activity that it intends to punish as separate, discrete violations of a single statute. See id. Florida courts have frequently used the "unit of prosecution" analysis to determine legislative intent, often finding multiple violations of a single statute arising from a single criminal act. See Bautista, 863 So. 2d at 1185 (finding that the legislature intended two convictions for two deaths resulting from a single collision in violation of a single DUI statute); Grappin v. State, 450 So. 2d 480, 483 (Fla. 1984) (finding that taking five firearms from the same place at the same time in violation of a single firearm theft statute could result in five convictions); McKnight, 906 So. 2d at 374 (holding that the unit of prosecution of a vehicular homicide statute is each victim).

To determine the applicable "unit of prosecution," courts use the rules of statutory construction, applying the rule of lenity if the intended unit is ambiguous or unclear. McKnight, 906 So. 2d at 371. "It is a common sense approach, guided by the statutory language, context, similar enactments, and case law." Guetzloe v. State, 980 So. 2d 1145, 1147 (Fla. 5th DCA 2008). Since there is little case law in Florida addressing double jeopardy in section 893.13(1)(a)(1), or mixed illicit drugs in general, statutory language and context are the more useful guides in Edwards' case.

When evaluating statutory language, "the a/any test is a valid linguistic tool that is helpful in establishing the [l]egislature's intended unit of prosecution." Bautista, 863 So. 2d at 1188. "When the article 'a' is used by the [l]egislature in the text of the statute, the intent of the [l]egislature is clear that each discrete act constitutes an allowable unit of prosecution." McKnight, 906 So. 2d at 371. On the other hand, "[u]se

of the adjective 'any' indicates an ambiguity that may require application of the rule of lenity." Id. at 372. Compare Grappin, 450 So. 2d at 482 (holding that the term "a firearm" in a theft statute indicates one prosecution for each firearm stolen) with State v. Watts, 462 So. 2d 813, 814 (Fla. 1985) (holding that the term "any firearm or weapon" in a prison contraband statute is ambiguous, applying the rule of lenity to allow only one prosecution for the possession of two prison-made knives), and Wallace v. State, 724 So. 2d 1176, 1180 (Fla. 1998) (applying Grappin and Watts and holding that the term "any officer" in a violent arrest statute is ambiguous, allowing only one prosecution for violently resisting an arrest even if multiple police officers are involved).

Applying this test in Edwards' case, we look to the language of section 893.13(1)(a)(1), which reads as follows:

> (1)(a) Except as authorized by this chapter and chapter 499, a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. A person who violates this provision with respect to:
>
> 1. A controlled substance named or described in s. 893.03(1)(a), (1)(b), (1)(d), (2)(a), (2)(b), or (2)(c) 4. commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(Emphasis added.) By using the word "a" before "controlled substance," the legislature indicated its intent to punish a defendant for the sale of each type of controlled substance listed in sections 893.03(1)(a), (1)(b), (1)(d), (2)(a), (2)(b), or (2)(c)(4). In other words, the sale of each substance constitutes a "discrete act" and "a separate violation of the statute." See McKnight, 906 So. 2d at 371.

Moreover, an analysis of the statutory language and context also indicates that the legislature intended the sale of each type of substance to be a separate crime.

When looking at the context to determine legislative intent, we "consider . . . the purpose of the statute, the evil to be corrected, the legislative history, and the pertinent case law that has applied the statute or similar enactments." Id. (citing Bautista, 863 So. 2d at 1186).

Section 893.13 is part of the Florida Comprehensive Drug Abuse Prevention and Control Act. § 893.01. Chapter 893 is meant "to comprehensively address drug abuse prevention and control in this state." § 893.015, Fla. Stat. (2017). The plain language of section 893.13(1)(a), Florida Statutes (2016) generally focuses on various controlled substances as "named or described" in various subsections of section 893.03. Under section 893.13(1)(a), the type of drug sold determines whether sale of a controlled substance is a second-degree felony, third-degree felony, or first-degree misdemeanor. Section 893.03, in turn, divides drugs into categories (schedules) based on different characteristics and varying risk of abuse. The entire focus of this statutory scheme is the meaningful differences between types of drugs and the appropriate punishment for crimes involving each type—the severity of the crime (and, therefore, the severity of the punishment) hinges on the type of drug sold. Considering this statutory scheme, it becomes clear that each type of drug sold is intended to be a "unit of prosecution" and can be punished separately. Indeed, to hold otherwise would lead to the absurd result that a mixture of two drugs within any subsection of 893.13(1) would constitute a single crime (with a single punishment) but a mixture of drugs from different subsections of 893.13(1) would constitute two crimes (with two punishments). The legislature did not intend such an absurd result. See Childers v. Cape Canaveral Hosp., Inc., 898 So. 2d 973, 975 (Fla. 5th DCA 2005) ("Courts should not construe a

- 6 -

statute so as to achieve an absurd result." (citing <u>McKibben v. Mallory</u>, 293 So. 2d 48, 51 (Fla.1974))).

Therefore, we affirm the judgment of the trial court and hold that each type of controlled substance prohibited by 893.13(1)(a)(1) constitutes an allowable unit of prosecution for that statute.

Affirmed.

LaROSE, C.J., and NORTHCUTT, J., Concur.