IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE FARM FLORIDA
INSURANCE COMPANY,

     Appellant,

 v.                                    Case No. 5D20-2415
                                          LT Case No. 2019-CA-1465

ROOF PROS STORM
DIVISION, INC., A/A/O
JESSE SCOTT,

     Appellee.
_____/

STATE FARM FLORIDA
INSURANCE COMPANY,

     Appellant,

 v.                                    Case No. 5D20-2418
                                          LT Case No. CA19-1739

ROOF PROS STORM
DIVISION, INC. A/A/O JOHN DAY,

     Appellee.
_____/

STATE FARM FLORIDA
INSURANCE COMPANY,

        Appellant,

v.

Case No. 5D20-2419
LT Case No. CA19-1478

ROOF PROS STORM
DIVISION, INC. A/A/O
WILLIAM AND ANNETTE HAVRISH,

        Appellee.
_____/

STATE FARM FLORIDA
INSURANCE COMPANY,

        Appellant,

v.

Case No. 5D20-2420
LT Case No. CA19-1462

ROOF PROS STORM
DIVISION, INC. A/A/O
DAVID AND SUZANNE LAPLANTE,

        Appellee.
_____/

Opinion filed July 1, 2022

Appeal from the Circuit Court
for St. Johns County,
R. Lee Smith, Judge.

Bretton C. Albrecht, of Kubicki Draper,
P.A., Miami, for Appellant.

2

Peter A. Robertson, and Joshua G. Harris, of The Robertson Firm, PA, St. Augustine, and William D. Stanford, Jr., and Jacklyn Bennett, and Terence P. Keyes, and Damian B. Hunt, of Construction Law Group, St. Augustine, for Appellee.

HARRIS, J.

State Farm Florida Insurance Company ("State Farm") appeals the final judgments entered in four related cases that confirmed appraisal awards set by a court-appointed umpire. State Farm also appeals the denial of its motion to overturn those same umpire awards in each case. We find that the trial court lacked subject-matter jurisdiction in these cases and that accordingly, all orders entered below, including the final judgments confirming the appraisal awards, are void.

In these cases, four separate homeowners in St. Johns County, each insured by State Farm, filed claims for hail damage to their respective homes. Each homeowner subsequently executed an assignment of benefits under their respective policies to Roof Pros Storm Division, Inc. ("Roof Pros"). State Farm afforded coverage in each case but disputed the amount of loss. Appraisers were chosen, but even subsequent to the appraisals, State Farm and Roof Pros remained unable to agree to the amount of loss.

3

The appraisal provisions in each insurance policy authorized each party to select a competent, disinterested appraiser. The two appraisers are then required to select a competent, impartial umpire. If they are unable to do so, either party may "ask a judge of a court of record in the state where the residence premises is located to select an umpire."

Pursuant to this clause, State Farm initiated the proceedings below by filing a Petition to Appoint Umpire. There was no accompanying complaint for breach of contract, an action seeking declaratory relief, or any other action contemplated by the Florida Constitution or Florida Statutes. And the "petition" filed by State Farm cannot be construed as such. State Farm never claimed that its insured had materially breached the policy, never asked for specific performance from the insured, and never suggested that it was in doubt of its rights or status under the policy. Likewise, State Farm failed to allege any jurisdictional amount in controversy. See § 86.011, Fla. Stat. (2019) (granting subject-matter jurisdiction over declaratory judgment actions to both circuit and county courts based upon "their respective jurisdictional amounts"). Instead, State Farm's petition merely asked the trial court to end a stalemate by ironically seeking specific performance, not from its insured, but from the trial court. On these allegations we are left to determine whether the subject-matter jurisdiction of the trial court was properly invoked by the

4

filing of a stand-alone Petition to Appoint Umpire. We conclude that it was not.

Subject-matter jurisdiction—the "power of the trial court to deal with a class of cases to which a particular case belongs"—is conferred upon a court by constitution or statute. Cunningham v. Standard Guar. Ins. Co., 630 So. 2d 179, 181 (Fla. 1994). Contrary to the initial position taken by State Farm in this appeal, subject-matter jurisdiction cannot be conferred by agreement of the parties, and we find State Farm's argument that the language of the policy gave the court the necessary jurisdiction to appoint an umpire wholly unpersuasive. See MCR Funding v. CMG Funding Corp., 771 So. 2d 32, 35 (Fla. 4th DCA 2000).

Rather than file a breach of contract action or a complaint for declaratory relief (either of which could have been among the "class of cases" over which the circuit court would have had subject matter jurisdiction), State Farm opted to file a non-existent cause of action to simply appoint an umpire. As recently explained by our sister court addressing a similar petition, "Florida Statutes describe many different civil petitions that litigants may avail themselves of, but a petition to compel appraisal with a disinterested appraiser is not (yet) one of them. Nor is there a recognized common law cause of action for this kind of discrete claim." State Farm Fla. Ins. v. Parrish,

5

312 So. 3d 145, 148 (Fla. 2d DCA 2021). A year ago, our sister court concluded that this "would seem to be problematic." Id. Our sister court was right.

The filing of a proper initial pleading is "essential to initiate an action. . . . [I]ts purpose is to invoke the subject matter jurisdiction of the court." Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC, 986 So. 2d 1244, 1252 (Fla. 2008). Florida Rule of Civil Procedure 1.100(a) provides that "[t]here must be a complaint or, when so designated by a statute or rule, a petition[.]" Each party here acknowledges that there is no rule or statute allowing for the filing of a petition to appoint umpire.

At oral argument, State Farm argued that it is a common practice for both insureds and insurers to initiate these actions through the filing of a simple Petition to Appoint Umpire. In its supplemental brief, State Farm took a different position, arguing instead that its own petitions filed below, which sought no damages, alleged no jurisdictional amount in controversy, and lacked essential allegations that would support a breach of contract or declaratory action, were insufficient to invoke the trial court's subject-matter jurisdiction. Because we cannot fairly characterize the bare-bones petition filed by State Farm as merely procedurally improper, we are compelled to agree.

6

"Florida law clearly holds that a trial court lacks jurisdiction to hear and determine matters which are not the subject of proper pleading[.]" <u>Carroll & Assocs., P.A. v. Galindo</u>, 864 So. 2d 24, 28 (Fla. 3d DCA 2003). A lack of subject-matter jurisdiction renders a judgment void. <u>See</u> <u>Hardman v. Koslowski</u>, 135 So. 3d 434, 436 (Fla. 1st DCA 2014).

We reverse the final judgments confirming these appraisal awards and remand for further proceedings consistent with this opinion. Our decision is without prejudice to either party being able to file a timely and appropriate complaint alleging a viable cause of action.

REVERSED and REMANDED

NARDELLA and WOZNIAK, JJ., concur.