DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TONYA RENNAY MEDDERS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-0875

[May 27, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael James Linn, Judge; L.T. Case No. 562022CF002214AXXXXX.

Daniel Eisinger, Public Defender, and Austin Edwards, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Marcus Russell Kelly, II, Assistant Attorney General, West Palm Beach, for appellee.

LOTT, J.

Tanya Medders was convicted on a variety of charges related to the possession, distribution, sale, and trafficking of a variety of opiates and opioids.

We summarily affirm on most of the issues which she raises. But we reverse on three double jeopardy violations arising between: (1) Counts I and II; (2) Counts III and IV; and (3) Counts V and VI.

### A. **Counts I and II**

First, Medders argues that her convictions for Counts I and II violate double jeopardy because those counts fail the so-called *Blockburger* test.

The "same-elements" test—also known as the *Blockburger* test—provides that two offenses are the same for double jeopardy purposes unless "each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "[T]he *Blockburger*

test has been codified in Florida at section 775.021(4) [Fla. Stat. (2022)]." *M.P. v. State*, 682 So. 2d 79, 81 (Fla. 1996). Section 775.021(4) states that "offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." § 775.021(4), Fla. Stat. (2023).

In the instant case, the operative information's Count I reads:

> On or about August 17, 2022 Tonya Rennay Medders did knowingly sell, deliver, or possess with intent to sell or deliver a controlled substance, to-wit: hydromorphone or a mixture containing hydromorphone, in violation of Florida Statute 893.13(l)(a)l[.]

Count II reads:

> On or about August 17, 2022 Tonya Rennay Medders did knowingly be in actual or constructive possession of a controlled substance, to-wit: HYDROMORPHONE or a mixture containing HYDROMORPHONE, in violation of Florida Statute 893.13(6)(a)[.]

Here, the State commendably concedes error. We agree that Counts I and II plainly fail the *Blockburger* test. Simple possession is subsumed by possession with intent to distribute; the former does not have any element that the latter does not. *See Sims v. State*, 793 So. 2d 1153, 1154 (Fla. 4th DCA 2001) ("Convictions for possession with intent to sell [drugs] and simple possession of the same [drugs] violate a defendant's double jeopardy rights.") (citation omitted).

Accordingly, we reverse the conviction as to Count II.

## B. **Counts III and IV**

Second, Medders argues that her convictions for Counts III and IV violate double jeopardy because those counts fail the *Blockburger* test.

The operative information's Count III reads:

> On or about August 24, 2022 Tonya Rennay Medders did knowingly sell, deliver, or possess with intent to sell or deliver a controlled substance, to-wit: hydromorphone or a mixture containing hydromorphone, in violation of Florida Statute 893.13(1)(a)1[.]

2

Count IV reads:

> On or about August 24, 2022 Tonya Rennay Medders did knowingly be in actual or constructive possession of a controlled substance, to-wit: HYDROMORPHONE or a mixture containing HYDROMORPHONE, in violation of Florida Statute 893.13(6)(a)[.]

Here, the State does not concede error. Instead, the State argues that the jury was instructed as to only *sale* on Count III, and argues that sale and simple possession do not fail the *Blockburger* test because each contains an element that the other does not. *See State v. Daophin*, 533 So. 2d 761, 762 (Fla. 1988) ("[T]hrough the law of principals, it is quite possible for an accused to aid, abet, counsel, hire, or otherwise procure the delivery of contraband without having actual or constructive possession of the contraband.").

The problem with the State's argument is that Count III in the information (the charging document) and the verdict form doesn't just say "sell." Count III says "sell, deliver, or possess with an intent to sell . . . ."

The Supreme Court has instructed that in determining whether different charges "are based upon the same conduct for purposes of double jeopardy, the reviewing court should consider only the charging document." *Lee v. State*, 258 So. 3d 1297, 1299 (Fla. 2018).

Based on the charging document, both charges of conduct are based at least in part on the same conduct: possession. Simple possession as charged in Count IV does not contain any element that Count III, as charged, does not.

Accordingly, we reverse the conviction as to Count IV.

## C. **Counts V and VI**

Third, Medders argues that her convictions for Counts V and VI violate double jeopardy because those counts both charge the same crime: "trafficking in illegal drugs" in violation of section 893.135(1)(c)1., Florida Statutes (2022).

Section 893.135(1)(c)1. reads:

> A person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 4 grams or more of any

3

morphine, opium, hydromorphone, or any salt, derivative, isomer, or salt of an isomer thereof, including heroin, as described in s. 893.03(1)(b), (2)(a), (3)(c)3., or (3)(c)4., or 4 grams or more of any mixture containing any such substance, but less than 30 kilograms of such substance or mixture, commits a felony of the first degree, which felony shall be known as "trafficking in illegal drugs," punishable as provided in s. 775.082, s. 775.083, or s. 775.084. If the quantity involved:

a. Is 4 grams or more, but less than 14 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 3 years and shall be ordered to pay a fine of $50,000.

b. Is 14 grams or more, but less than 28 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 years and shall be ordered to pay a fine of $100,000.

c. Is 28 grams or more, but less than 30 kilograms, such person shall be sentenced to a mandatory minimum term of imprisonment of 25 years and shall be ordered to pay a fine of $500,000.

§ 893.135(1)(c)1., Fla. Stat. (2022).

Counts V and VI both have identical language.

Count V reads:

On or about August 31, 2022 Tonya Rennay Medders did knowingly sell, purchase, manufacture, deliver, bring into this state, possess with intent to sell, or be in actual or constructive possession of 28 grams or more but less than 30 kilograms of any morphine, opium, hydromorphone, or any salt, derivative, isomer, or salt of an isomer thereof, including heroin, or a mixture containing any such substance, in violation of Florida Statute 893.135(1)(c)1.c[.]

Count VI reads:

On or about August 31, 2022 Tonya Rennay Medders did knowingly sell, purchase, manufacture, deliver, bring into this state, possess with intent to sell, or be in actual or

4

constructive possession of 28 grams or more, but less than 30 kilograms of any morphine, opium, hydromorphone, or any salt, derivative, isomer, or salt of an isomer thereof, including heroin, or a mixture containing any such substance, in violation of Florida Statute 893.135(1)(c)l.c.

The State argues that these are separate charges—one charge was trafficking in morphine, and one charge was for trafficking in hydromorphone.

Although the charges use identical language, we do not address whether that is a concern.[1]  Instead, we read section 893.135(1)(c)1.'s plain language as forbidding these two charges.

Section 893.135(1)(c)1. provides for one crime: "trafficking in illegal drugs."  Trafficking in multiple types of the drugs that might comprise this crime cuts to the substances' aggregate weight, rather than different crimes.

---

[1] Although not thoroughly addressed in the parties' briefing, we note an emerging district split on the question of whether identically worded indictments that purport to charge distinct criminal conduct are permissible following *Lee v. State*, 258 So. 3d 1297, 1303–04 (Fla. 2018).  *Compare Pena-Vazquez v. State*, 278 So. 3d 755, 758 (Fla. 3d DCA 2019) ("It is true that the State used identical language in charging Counts Two and Six. . . . [T]his alone does not render the counts defective or the convictions improper.") *with Dominguez v. State*, 429 So. 3d 636, 642 (Fla. 2d DCA 2026) ("[W]e certify conflict with *Pena-Vazquez* to the extent that it holds that *Lee* does not apply where a defendant is convicted of committing the same act upon the same victim during the same time period in violation of the same criminal statute."); *see also Dominguez*, 429 So. 3d at 646 (Atkinson, J., concurring in part and dissenting in part) ("In *Lee* . . . it is not possible from the charging document to determine whether the State's theory relies on separate conduct . . . [i]n comparison, the charging document in this case can only be reasonably read as alleging separate conduct . . . [and] does not render the counts defective or the convictions improper.").  Prior to *Lee*, we held that "when appellant neither filed a pre-trial motion to dismiss nor requested a bill of particulars, he waived the State's failure to factually differentiate between the two counts." *Nicholson v. State*, 757 So. 2d 1227, 1228 (Fla. 4th DCA 2000); *see also Fravel v. State*, 188 So. 3d 969, 972 (Fla. 4th DCA 2016) ("Because the evidence at trial clearly distinguished between the two separate counts, we conclude, as we did in *Nicholson*, that double jeopardy considerations are not implicated.").  Since *Lee*, we have not called those holdings into question.  We see no occasion to wade into these issues today.

This is readily apparent from section 893.135(1)(c)1.'s plain language, which provides for a single crime. We further note that the so-called "a/any test" for assessing this question supports this outcome.

As the Second District summarized:

> When evaluating statutory language, the a/any test is a valid linguistic tool that is helpful in establishing the legislature's intended unit of prosecution. When the article "a" is used by the legislature in the text of the statute, the intent of the legislature is clear that each discrete act constitutes an allowable unit of prosecution. On the other hand, use of the adjective "any" indicates an ambiguity that may require application of the rule of lenity. *Compare Grappin v. State*, 450 So. 2d 480, 482 (Fla. 1984) (holding that the term "a firearm" in a theft statute indicates one prosecution for each firearm stolen) *with State v. Watts*, 462 So. 2d 813, 814 (Fla. 1985) (holding that the term "any firearm or weapon" in a prison contraband statute is ambiguous, applying the rule of lenity to allow only one prosecution for the possession of two prison-made knives), *and Wallace v. State*, 724 So. 2d 1176, 1180 (Fla. 1998) (applying *Grappin* and *Watts* and holding that the term "any officer" in a violent arrest statute is ambiguous, allowing only one prosecution for violently resisting an arrest even if multiple police officers are involved).

*Edwards v. State*, 268 So. 3d 849, 852 (Fla. 2d DCA 2019) (cleaned up). The statute at issue in *Edwards* concerned "a controlled substance," and so the court held that the unit of prosecution was "a" given controlled substance. *Id.* at 852–53.

Here, by contrast, the statute prohibits "possession of, 4 grams or more of *any* morphine, opium, hydromorphone, [etc.]." § 893.135(1)(c)1., Fla. Stat. (2022) (emphasis added). The "a/any test" counsels that the unit of prosecution is grams of *any* of these substances, rather than a particular one of the substances.

Because Counts V and VI allege the same conduct—"trafficking in illegal drugs"—those counts are duplicative and violate double jeopardy. Accordingly, we reverse the conviction as to Count VI.

### D. **Conclusion**

In sum, we reverse the convictions as to Counts II, IV, and VI, and remand for further proceedings not inconsistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

CIKLIN and GERBER, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**